# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-08-00624-CV

**Texas Department of Public Safety, Appellant**

**v.**

**Frank Allocca, Appellee**

### FROM COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CV-08-003145, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

## O P I N I O N

We overrule the appellants' motion for rehearing, withdraw our opinion and judgment issued August 31, 2009, and substitute the following in its place.

The Texas Department of Public Safety (the Department) appeals from the trial court's order reversing an administrative decision rendered by the State Office of Administrative Hearings (SOAH), authorizing suspension of appellee Frank Allocca's driver's license. The trial court reversed and restored Allocca's driving privileges based on a determination that the administrative decision was not supported by substantial evidence. We affirm the judgment of the trial court.

## BACKGROUND

At approximately 1:45 a.m. on June 5, 2007, Austin Police Department Officer Shawn Williams was dispatched to a Jiffy Lube location on West Parmer Lane to investigate a suspicious vehicle reported in the parking lot. Upon reaching the location, Williams observed Allocca sleeping in the driver's seat of his vehicle with the engine running. After waking Allocca, Williams noted that he had glassy eyes, smelled of alcoholic beverages, and swayed upon exiting the vehicle. Williams administered field sobriety tests, which gave some indication that Allocca was intoxicated. Allocca also had five beers in his possession and admitted to Williams that he had consumed two or three beers that evening. Based on his observations, Williams arrested Allocca for driving while intoxicated (DWI). Allocca refused Williams's request to provide a breath specimen in connection with the arrest.

Allocca's driver's license was suspended as a result of his refusal to provide a breath specimen and he appealed the suspension to SOAH. *See* Tex. Transp. Code Ann. § 724.035 (West Supp. 2008) (Department shall automatically suspend driver's license of person who refuses to provide specimen upon arrest for DWI). The evidence presented at the administrative hearing consisted solely of Williams's incident report and Allocca's testimony. Allocca testified that he was the manager of the Jiffy Lube location where the incident occurred and that he had left his vehicle parked behind the Jiffy Lube after work that day and gone to a sports bar with some friends. According to Allocca, a friend's girlfriend had driven him to the sports bar and then dropped him off at his vehicle later that evening. Allocca testified that when he returned to his vehicle, he ate some food and then reclined the driver's seat in order to go to sleep. When asked why he chose to

2

sleep in his vehicle, Allocca answered, "Because I had already been arrested for DWI and knew I was drinking and didn't want to drive again." Allocca further testified that the vehicle was not running when he initially went to sleep, but that he later woke up and turned on the vehicle because he was hot and wanted to use the air conditioning. During the time that Allocca was asleep in his vehicle, his feet were on the floorboard and the vehicle was in park. The Department did not challenge Allocca's credibility on any portion of his testimony.[1]

The administrative law judge (ALJ) issued an order suspending Allocca's driver's license for two years and Allocca appealed to the county court at law of Travis County, arguing that there was not probable cause to believe he had actually operated the vehicle while intoxicated. After a hearing, the county court determined that the ALJ's decision was not supported by substantial evidence and issued an order reversing the administrative decision and reinstating Allocca's driver's license. The Department now appeals, arguing in a single point of error that the county court erred in reversing the ALJ's decision because probable cause existed to believe that Allocca had operated his vehicle while intoxicated.

## STANDARD OF REVIEW

Administrative license revocation cases are reviewed using a substantial-evidence standard. *See* Tex. Transp. Code Ann. § 524.002(b) (West 2007), § 724.047 (West 1999); Tex. Gov't Code Ann. § 2001.174 (West 2008); *see also Texas Dep't of Pub. Safety v. Varme*,

---

[1] Williams's incident report states that he observed Allocca sleeping in the driver's seat of his truck with the engine running and that Allocca was "surprised" to be awakened by police. The report further states that Allocca informed Williams that he left the engine running in order to check the oil pressure on the truck and "he also wanted the truck engine on so he could have air conditioning while he slept."

262 S.W.3d 34, 38 (Tex. App.—Houston [1st Dist.] 2008, no pet.) ("Whether in the trial court or this Court, the substantial-evidence standard governs review of administrative decisions in driver's license-suspension cases."). Under substantial-evidence review, an administrative decision may not be reversed unless substantial rights of the appellant have been prejudiced because the decision is:

(A)  in violation of a constitutional or statutory provision;

(B)  in excess of the agency's statutory authority;

(C)  made through unlawful procedure;

(D)  affected by other error of law;

(E)  not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or

(F)  arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Tex. Gov't Code Ann. § 2001.174(2).

Issues on appeal that are strictly questions of law are reviewed de novo. *Texas Dep't of Pub. Safety v. Jackson*, 76 S.W.3d 103, 106 (Tex. App.—Houston [14th Dist.] 2002, no pet.); *see also Partee v. Texas Dep't of Pub. Safety*, 249 S.W.3d 495, 499 n.3 (Tex. App.—Amarillo 2007, no pet.) ("Once the underlying facts are established, the existence of probable cause is a question of law for the court.").

## DISCUSSION

At a driver's license suspension hearing, the Department bears the burden of proving that (1) reasonable suspicion or probable cause existed to stop or arrest the person; (2) probable

4

cause existed to believe that the person was operating a motor vehicle in a public place while intoxicated; (3) the person was placed under arrest and asked to submit to a breath or blood test; and (4) the person refused the request to provide a specimen. *See* Tex. Transp. Code Ann. § 724.042 (West Supp. 2008).

Only the second factor remains in dispute in the present case, as Allocca conceded in the administrative hearing that there was reasonable suspicion to investigate him, that he was placed under arrest, and that he refused Williams's request to provide a breath specimen.[2] Furthermore, Allocca testified that the Jiffy Lube parking lot was open to the public and that, on the night in question, he had been drinking to the point where he did not think he should drive. Therefore, this appeal turns solely on the question of whether there is substantial evidence that probable cause existed to believe that Allocca actually operated his vehicle while intoxicated. *See id.* (requiring probable cause to believe person was "*operating* a motor vehicle in a public place while intoxicated") (emphasis added). More specifically, as the Amarillo court of appeals noted when confronted with a similar question in *Partee*, the issue currently before us is "whether there is substantial evidence in the record to support the ALJ's finding that probable cause existed to believe [appellant] was 'operating' a motor vehicle even though he was initially found asleep." 249 S.W.3d at 499.

While the transportation code does not provide a definition of "operating," the court of criminal appeals has held that for purposes of DWI, a defendant operates a vehicle when the

---

[2] At the hearing, Allocca's counsel stated, "On June 5 reasonable suspicion? Definitely. An officer can walk up and talk to anyone. . . . Defendant was placed under arrest. Definitely. Defendant refused. Definitely. On June 5 probable cause existed that the Defendant was operating the vehicle? No, sir."

totality of the circumstance demonstrates "that the defendant took action to affect the functioning of his vehicle in a manner that would enable the vehicle's use." *Denton v. State*, 911 S.W.2d 388, 390 (Tex. Crim. App. 1995). This definition does not require that the vehicle actually move. *See id.* (holding operation occurred when defendant started ignition and revved accelerator in attempt to move vehicle).

In support of its argument that there was probable cause to believe that Allocca was operating the vehicle when Williams found him sleeping in it, the Department points to a number of cases in which a driver was considered to have operated a vehicle despite being found asleep at the wheel. *See Dornbusch v. State*, 262 S.W.3d 432, 433, 437-38 (Tex. App.—Fort Worth 2008, no pet.) (holding that operation occurred where driver was found asleep, "hunched over the steering wheel" in parking lot with headlights on and loud music playing and where "there was testimony indicating that the vehicle was not in park and that the only thing keeping the vehicle from moving was the curb"); *Stagg v. Texas Dep't of Pub. Safety*, 81 S.W.3d 441, 445 (Tex. App.—Austin 2002, no pet.) (concluding that probable cause existed that driver of vehicle blocking lane of traffic with engine running and lights on had operated vehicle, noting that "[t]he fact that the car was in the center of the street, not stopped at the curb, is significant"); *Milam v. State*, 976 S.W.2d 788, 789 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd) (determining that operation occurred despite driver being found asleep because engine was running, vehicle was in gear, driver's foot was on brake, and driver put car in reverse upon being awakened); *Barton v. State*, 882 S.W.2d 456, 460-61 (Tex. App.—Dallas 1994, no pet.) (holding that driver who was asleep at wheel with feet on clutch and brake, engine idling, and car in roadway protruding into intersection, and who then proceeded

6

to engage clutch and change gears upon being awakened by police, operated vehicle).[3] In each of these cases, there was at least one additional factor, other than the driver being asleep with the engine running, that indicated the driver had attempted or intended to drive the vehicle.

Here, Allocca was not stopped in the middle of a roadway or in a moving lane of traffic, but was parked in his usual parking space behind the building where he worked. He did not have a foot on the brake and had not turned on the headlights.[4] Furthermore, the car was in park, and the front seat was reclined to better accommodate sleeping.[5] The circumstances in which Allocca was found, particularly the reclined front seat, would have made it difficult, if not impossible, for Allocca to "enable the vehicle's use" for its intended purpose—that being the purpose of driving, rather than as a source of air conditioning. Therefore, we hold that Allocca did not take an "action to affect the functioning of his vehicle in a manner that would enable the vehicle's use" by sleeping in the car with the front seat reclined, the car in park, the lights off, and the engine running solely

---

[3] *See also Partee v. Texas Dep't of Pub. Safety*, 249 S.W.3d 495, 500 (Tex. App.—Amarillo 2007, no pet.) (substantial evidence supported finding of probable cause to believe appellant was operating motor vehicle when discovered asleep at wheel with foot on brake, engine running, brake lights illuminated, gearshift engaged, and car straddling shoulder and roadside ditch); *Hearne v. State*, 80 S.W.3d 677, 680 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (driver operated vehicle when found asleep at wheel in moving lane of traffic); *Freeman v. State*, 69 S.W.3d 374, 376 (Tex. App.—Dallas 2002, no pet.) (driver operated vehicle when found asleep with lights on, car in drive, and wheel resting against curb of public street).

[4] No evidence was presented at the administrative hearing regarding headlights, but Allocca's counsel represented at the hearing before the county court that the headlights were not illuminated and the Department did not challenge this statement.

[5] Prior to bringing this appeal, the Department did not challenge the factual assertions in Allocca's testimony, but argued that according to his own testimony, there was probable cause to believe Allocca was operating the vehicle as a matter of law, based solely on the fact that the engine was running.

for the purpose of air conditioning, while parked in a parking lot behind his place of employment. *See Denton*, 911 S.W.3d at 390.

The Department argues in its motion for rehearing that even if Allocca did not operate his vehicle as a matter of law by turning on the engine to use the air conditioning, the ALJ decision should be affirmed because Williams had probable cause to believe that Allocca had driven to the Jiffy Lube parking lot while intoxicated, parked his truck, and then fallen asleep. We disagree. While an officer need not observe an individual actually driving a vehicle in order to develop probable cause to believe that individual had been driving while intoxicated, the mere act of sitting in a legally parked vehicle while intoxicated does not necessarily establish probable cause absent some other factor, such as a recent collision or bystander reports, indicating that the accused actually drove the vehicle.[6] *See, e.g.*, *Department of Pub. Safety v. Hirschman*, 169 S.W.3d 331, 340 (Tex. App.—Waco 2005, pet. denied) (holding that substantial evidence supported finding of probable cause where officer found appellee intoxicated behind wheel of vehicle that had been in accident and multiple bystanders indicated appellee had been driving); *see also Pope v. State*, 802 S.W.2d 418, 420 (Tex. App.—Austin 1991, no pet.) (holding that where intoxicated individual was found sleeping at wheel in vehicle parked in middle of rural road with engine running and lights on, it was reasonable to infer that he drove there while intoxicated).

---

[6] In this context, we are referring to those factual situations in which a driver is considered to have actually driven, rather than merely "operated" the vehicle. We note that Williams's arrest report contains a preprinted portion which appears to allow the officer to note whether the accused was observed "operating" or "driving" the vehicle, but that Williams did not indicate the basis for his arrest.

8

In the present case, Allocca was legally parked in a public parking space.[7] His vehicle showed no signs of being involved in a collision and was not blocking traffic or otherwise parked in a manner that would indicate he had driven there while intoxicated. Furthermore, Williams discovered Allocca sleeping in his vehicle after responding to a "suspicious vehicle" call, as opposed to a report of a potentially intoxicated driver. The nature of the call not only illustrates the absence of any report that Allocca had driven the vehicle while intoxicated, but also suggests that the vehicle had remained in the parking space at least long enough to arouse suspicion. On that basis, we hold that a finding that there was probable cause to believe Allocca had actually driven his vehicle to the parking spot while intoxicated before falling asleep—assuming the ALJ even made such a finding, given that this assertion was never argued in the administrative hearing—is not supported by substantial evidence.[8]

Viewing the totality of the circumstances, we conclude that Williams, in finding Allocca asleep in his vehicle, did not have probable cause to believe he was operating or had operated his vehicle while intoxicated. The administrative finding that probable cause existed to

---

[7] Allocca was in fact parked in his usual parking space at his place of employment, although the record does not reflect that Williams was aware of this fact at the time of the arrest.

[8] The Department essentially conceded in its motion for new trial that the only possible basis for a finding of probable cause is a determination that Allocca operated the vehicle as a matter of law when he turned on the engine in the parking lot, as described in his testimony. Specifically, the motion for new trial states, "The only reasonable inference remaining is that Allocca became intoxicated and then took some action to cause the vehicle to function. It is no coincidence that Allocca, himself, testified this is precisely what happened." In the administrative hearing and in the trial court, the Department took the position that probable cause existed, not because any evidence supports a finding that Allocca actually *drove* the vehicle while intoxicated, but because he *operated* the vehicle as a matter of law when he turned on the engine in the Jiffy Lube parking lot.

believe that Allocca was operating his vehicle while intoxicated is not supported by substantial evidence, and the Department's issue on appeal is overruled.

## CONCLUSION

We affirm the trial court's order reversing the administrative decision and reinstating Allocca's driver's license.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Waldrop and Henson;
   Dissenting Opinion by Justice Waldrop

Affirmed on Rehearing

Filed:  November 13, 2009