MARY'S OPINION HEADING 








NO. 12-10-00168-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

ROBERT CRAIG
SATERBO,                     §                      APPEAL FROM THE

APPELLANT

 

V.                                                                    §                      COUNTY
COURT AT LAW #1

 

THE
STATE OF TEXAS,

APPELLEE                                                   §                      GREGG
COUNTY, TEXAS

                                                                                                                                                          


MEMORANDUM
OPINION

            This
is a DWI case.  Appellant, Robert Craig Saterbo, filed a motion to suppress. 
After the trial court denied the motion, Appellant entered a plea of no contest
to the charge subject to the motion to suppress.  The trial court accepted
Appellant’s plea, found Appellant guilty, and assessed his punishment at one
year of confinement, probated for two years.  In two issues, Appellant contends
that the trial court erred in denying his motion to suppress because (1) the
arresting officer did not have reasonable suspicion for the initial stop of
Appellant, and (2) the arresting officer did not have probable cause to believe
Appellant operated a motor vehicle in a public place while intoxicated.  We
affirm.

 

Background

            Nathan Shapwell was the
assistant manager of a Taco Bell restaurant in Longview.  He was working the
night shift at about 1:30 a.m. when he observed a customer tarrying in the “drive-thru”
lane.  The customer appeared to be intoxicated and almost hit a light pole when
he left the Taco Bell.

            Shapwell
called 911, gave his name, and stated that he was calling from where he worked,
Taco Bell.  He told the dispatcher that a man had spent six minutes in the
drive-thru lane apparently trying to get a straw into his cup.  He said to the
dispatcher that, judging from his appearance, the man was under the influence
of alcohol or drugs.  Shapwell informed the dispatcher that the man had almost
hit a light pole leaving the drive-thru lane, and that the man had parked his
pickup within Shapwell’s view in an adjacent parking lot.  Shapwell provided
the dispatcher with the make, model, and color of the man’s pickup.  Shapwell
continued to watch the pickup parked in the adjacent parking lot until the
police arrived.  He observed no one get in or out of the pickup.

            The
Longview dispatcher relayed the make, model, and color of the pickup, together
with where it was parked, to Officer Adam Vanover.  The dispatcher told Officer
Vanover that a Taco Bell employee had reported a man he believed to be
intoxicated had just barely avoided hitting a light pole leaving the Taco Bell
drive-thru.

            Officer
Vanover arrived at the parking lot at 1:54 a.m.  He had no difficulty
identifying the pickup truck the dispatcher had described.  Officer Vanover
drove his patrol car behind the pickup and activated the overhead lights on his
patrol car.  He noted that the pickup’s motor was still running.  Appellant,
the only occupant of the vehicle, sat in the driver’s seat trying to eat a taco
and spilling it on his clothes.  Appellant had glassy, red, bloodshot eyes. 
Officer Vanover asked Appellant to step out of the vehicle.  Shapwell, still
watching from the Taco Bell, saw Appellant stumble as he emerged from his pickup.

            Suspecting
Appellant to be intoxicated, Officer Vanover gave Appellant three standardized
field sobriety tests, the horizontal gaze nystagmus test, the walk and turn
test, and the one leg stand test.  Based on his poor performance of these
tests, Officer Vanover concluded Appellant was intoxicated and placed him under
arrest.

            In
response to Officer Vanover’s questions, Appellant admitted he had been driving
and that he had had eight or nine beers.

 

Reasonable Suspicion for Initial Stop

            In
his first issue, Appellant contends that the information Officer Vanover was
given by the dispatcher did not justify a reasonable suspicion that a crime had
been committed, was being committed, or was going to be committed.  Appellant
stresses that the dispatcher did not provide Vanover the name of the employee
who made the call or any information regarding his background or credibility. 
Before stopping Appellant, Officer Vanover did not talk to Taco Bell employees
in order to confirm that Appellant was the subject of their call.  Before
making contact with Appellant, Officer Vanover did not observe him engaged in
illegal activity nor did he note anything wrong with Appellant’s pickup. 
Therefore, Appellant argues, Officer Vanover acted on an unconfirmed anonymous
tip, an insufficient basis to initiate an investigatory stop.

Standard
of Review

            In
reviewing a trial court’s ruling on a pretrial motion to suppress, an appellate
court must give almost total deference to the trial court’s resolution of
questions of historical fact that the record supports, especially when based on
an evaluation of credibility and demeanor.  Amador v. State, 221
S.W.3d 666, 673 (Tex. Crim. App. 2007); Guzman v. State, 955
S.W.2d 85, 89 (Tex. Crim. App. 1997).  This same standard also applies to mixed
questions of law and fact if the resolution of those questions turns on an
evaluation of credibility and demeanor.  Amador, 221
S.W.3d at 673; Guzman, 955 S.W.2d at 89.  Appellate
courts review de novo “mixed questions of law and fact” that do not depend upon
credibility and demeanor.  Amador, 221 S.W.3d at 673; Guzman,
955 S.W.2d at 89.

Applicable
Law

            The
United States Constitution and the Texas Constitution secure to the individual
freedom from all unreasonable searches and seizures.  U.S. Const. amend. IV; Tex.
Const. art. I, § 9.  Stopping an automobile and detaining its occupants
is considered a “seizure.”  Garza v. State, 771 S.W.2d 549, 558
(Tex. Crim. App. 1989).  “[W]henever a police officer accosts an individual and
restrains his freedom to walk away, he has ‘seized’ that person.”  Terry
v. Ohio, 392 U.S. 1, 16, 88 S. Ct. 1868, 1877, 20 L. Ed. 2d 889
(1968).  An investigatory stop is justified if, based upon the totality of the
circumstances, the detaining officer has an objective basis for suspecting that
the person stopped is, or is about to be, engaged in criminal activity.  United
States v. Cortez, 449 U.S. 411, 417, 101 S. Ct. 690, 695, 66 L. Ed. 2d 621
(1981); Davis v. State, 947 S.W.2d 240, 244 (Tex. Crim. App.
1997).  The facts that justify a stop based on reasonable suspicion need not be
personally observed by the officer but may come from one not associated with
law enforcement.  Brother v. State, 166 S.W.3d 255, 257 (Tex.
Crim. App. 2005).  “[I]nformation provided to the police from a citizen-informant
who identifies himself and may be held to account for the accuracy and veracity
of his report may be regarded as reliable.”  Derichsweiler v. State,
No. PD-0716-10, 2011 WL 255299, at *4 (Tex. Crim. App. Jan. 26, 2011) (not yet
released for publication).  It is the cumulative information known to the
cooperating officers at the time of the stop that is to be considered in
determining whether reasonable suspicion exists.  Id.; Hoag
v. State, 728 S.W.2d 375, 380 (Tex. Crim. App. 1987).  “A 911 police
dispatcher is ordinarily regarded as a ‘cooperating officer’ for the purpose of
making this determination.”  Derichsweiler, 2011 WL 255299, at
*4.

Discussion

            In
his 911 call, Shapwell reported to the dispatcher facts and circumstances he
had personally observed supporting his belief that Appellant was dangerously
under the influence of alcohol or drugs.  He gave his name and place of
employment and remained at that location with Appellant’s pickup in view parked
in the adjacent parking lot.  Shapwell identified himself sufficiently to be
held accountable for the veracity of his report.  Therefore, he may be regarded
as a reliable informant. See Derichsweiler, 2011 WL
255299, at *5.  The information provided by Shapwell objectively supported the
police dispatcher’s reasonable suspicion that Appellant was driving under the
influence of drugs or alcohol.  The dispatcher relayed the vehicle’s
description and location to Officer Vanover together with Shapwell’s belief
that Appellant was intoxicated.  There is evidence that the dispatcher told
Officer Vanover that Appellant had almost hit a light pole leaving the Taco
Bell drive-thru.  However, even if the dispatcher did not relay to Officer
Vanover the circumstances giving rise to suspicion that Appellant was
intoxicated, Officer Vanover was justified in briefly detaining Appellant for
investigation.  “The detaining officer need not be personally aware of every
fact that objectively supports a reasonable suspicion to detain.”  Id.,
at *4.  “It matters not that the dispatcher did not pass all of these details
along to the responding officer[ ].  In assessing reasonable suspicion, vel
non, a reviewing court looks to the totality of objective information known
collectively to the cooperating police officers, including the 911
dispatcher.”  Id., at *5.

            We
conclude that the totality of reliable information known collectively to the
dispatcher and Officer Vanover provided specific articulable facts leading to
the reasonable suspicion that Appellant was intoxicated.  Once he had
identified Appellant’s pickup as the same vehicle reported by Shapwell, Officer
Vanover was justified in initiating the investigatory detention of Appellant. 
Appellant’s first issue is overruled.

 

Probable Cause to Arrest

            In
his second issue, Appellant argues that although Officer Vanover observed Appellant’s
pickup parked in a parking lot with its motor running, he never saw the pickup move. 
Appellant was sitting in his pickup eating.  The motor was running so that he
could operate his air conditioner.  The police call log also shows that “subject
[Appellant] was sitting in a blue truck and seemed high on something when he
came into the store.”  Appellant insists that “[t]he information possessed by
the officer as to whether Appellant was actually ever operating the vehicle is
insufficient to establish probable cause.”

Applicable
Law

            “Probable
cause” for a warrantless arrest exists “if, at the moment the arrest is made,
the facts and circumstances within the arresting officer’s knowledge and of
which he has reasonably trustworthy information are sufficient to warrant a
prudent man in believing that the person arrested had committed or was
committing an offense.”  Amador v. State, 275 S.W.3d 872, 878
(Tex. Crim. App. 2009).  A person commits an offense if the person is
intoxicated while operating a motor vehicle in a public place.  Tex. Penal Code Ann. § 49.04(a) (Vernon
2003).  The court of criminal appeals has held that, to show operation of a
motor vehicle, “the totality of the circumstances [must] demonstrate that the
defendant took action to affect the functioning of his vehicle that would
enable the vehicle’s use.”  Denton v. State, 911 S.W.2d 388, 390
(Tex. Crim. App. 1995).  This definition does not require that the vehicle
actually move.  Id.  There are many decisions upholding DWI
arrests or convictions under this totality of the circumstances test even
though the person “operating” the motor vehicle was initially found to be
asleep or unconscious.  See, e.g., Dornbusch v. State, 262 S.W.3d
432, 436 (Tex. App.–Fort Worth 2008, no pet.).  The act of sitting in a legally
parked vehicle while intoxicated does not establish probable cause to believe
that the individual has been “driving while intoxicated” absent some other
factor, such as a recent collision or bystander reports, indicating that the
accused actually drove the vehicle.  Tex. Dep’t of Pub. Safety v. Alloca,
301 S.W.3d 364, 369 (Tex. App.–Austin 2009, pet. denied).

Discussion

            Appellant
does not argue that the officer did not have probable cause to believe that he
was intoxicated.  But he insists Officer Vanover lacked sufficient information
that he had been operating his vehicle in that condition.  Therefore, he
argues, Officer Vanover lacked probable cause to arrest him.

            Appellant
points out that he was legally parked in a public parking space; his vehicle
showed no sign of having been involved in a collision and it was not blocking
traffic or otherwise parked in a manner indicating that he had driven to the
parking lot while intoxicated.  Moreover, he argues, Officer Vanover never
before or after Appellant’s arrest corroborated Shapwell’s report that
Appellant had driven to the adjacent parking lot fifteen minutes before after
almost colliding with a light pole.

            Appellant
relies on Alloca as support for his argument.  In Alloca,
an officer responding to a “suspicious vehicle” call discovered Alloca asleep
in his car in his usual parking space behind the Jiffy Lube where he was
manager.  The car was in “park” and the front seat was reclined to better
accommodate sleeping.  The engine was running and the air conditioning was
turned on.  Alloca did not have his foot on the brake and he had turned on the
headlights.  His vehicle showed no sign that it had been involved in a
collision.  It was not blocking traffic or otherwise parked in a manner that
would indicate that Alloca had driven there while intoxicated.

            The
court noted that the officer was responding to a “suspicious vehicle” call, as
opposed to a report of a potentially intoxicated driver.  Alloca,
301 S.W.3d at 369.  The call contained no information from which it could have
been inferred that Alloca had driven the car while intoxicated.  Rather, the
court reasoned, it could be inferred from the nature of the call that the
vehicle had remained parked long enough to arouse suspicion.  The Austin court held
that the officer lacked probable cause to believe that Alloca had driven his
car to the parking spot while intoxicated.  Id. at 369-70.

            The
nature of the report is what distinguishes Alloca from the
instant case.  In this case, a reliable informant reported to the dispatcher
that Appellant was apparently intoxicated when he left Taco Bell, almost
hitting the light pole on the way out.  Fifteen minutes later, Officer Vanover
found the vehicle in the parking lot adjacent to Taco Bell as reported. 
Appellant was in the driver’s seat intoxicated, dribbling his taco on his
clothes.  The motor was running. 

            Officer
Vanover’s arrest of Appellant was supported by probable cause.  The trial court
did not err in denying Appellant’s motion to suppress.  Appellant’s second
issue is overruled.

 

Disposition

            The
judgment is affirmed.

 

                                                                                                Bill Bass

                                                                                                   
Justice

Opinion delivered April 29, 2011.

Panel
consisted of Worthen, C. J., Griffith, J., and Bass, Retired J., Twelfth Court
of Appeals, sitting by assignment.

 

 

 

 

(DO NOT PUBLISH)