**Affirmed and Majority and Dissenting Opinions filed May 10, 2022.**



In The

# Fourteenth Court of Appeals

### NO. 14-20-00751-CR

### THE STATE OF TEXAS, Appellant

### V.

### JENNIFER AILEENE ESPINOSA, Appellee

**On Appeal from the County Criminal Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 2274357**

## DISSENTING OPINION

A concerned citizen discovered appellee Jennifer Aileene Espinosa asleep in her vehicle with the keys in the ignition and the engine running on a public roadway, caught in the standstill traffic associated with a school pick-up line that had formed about fifteen minutes before the citizen discovered appellee there. The citizen informed the officer who arrived at the scene about forty minutes later that appellee "smelled like a bar" and was unable to walk a straight line. Another citizen reported to the officer that appellee told her she was on her way to a nearby middle school,

possibly to pick up her son. Inconsistently, appellee told the officer that she was on her way to work. The officer observed that appellee had slurred speech, was disoriented, was confused about where she lived, was unsteady on her feet, had "glossy" red eyes, and had a strong odor of alcohol emanating from her person. Appellee refused field sobriety testing, and, without a warrant, the officer arrested her for suspicion of driving while intoxicated ("DWI").

Despite this undisputed evidence from witnesses the trial court found to be credible, the trial court granted appellee's motion to suppress, concluding that her warrantless arrest was unsupported by probable cause because neither the arresting officer nor any witness saw her "operate" her vehicle. Our court affirms, holding that the "circumstantial evidence was insufficient to establish a temporal link between appellee's intoxication and her driving." I dissent because the undisputed evidence presented in today's case is sufficient for a prudent person to believe that appellee had been driving while intoxicated, and thus the officer had probable cause to arrest her. The majority essentially conflates the probable cause inquiry with a legal sufficiency analysis.

The majority concludes that Officer Brasuell could not have formed a reasonable belief that appellee had committed the offense of DWI. According to the majority, neither the officer nor any witness saw appellee operate her vehicle and no one saw how recently appellee's vehicle had been driven; thus, there was no evidence of appellee's intoxication at the time she allegedly operated her vehicle. In my view, however, the facts and circumstances within the officer's knowledge and of which he had reasonably trustworthy information were sufficient to warrant a prudent person's belief that appellee had committed the offense of DWI. *See Amador v. State*, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009).

Numerous Texas courts, including ours, have found probable cause to arrest for DWI under the totality of the circumstances standard despite the fact that an officer did not see the accused operating a motor vehicle. *See*, *e.g.*, *Abraham v. State*, 330 S.W.3d 326, 330-31 (Tex. App.—Dallas 2009, pet. dism'd); *Chilman v. State*, 22 S.W.3d 50, 56 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd); *State v. Parson*, 988 S.W.2d 264, 267-68 (Tex. App.—San Antonio 1998, no pet.); *Elliott v. State*, 908 S.W.2d 590, 591-92 (Tex. App.—Austin 1995, pet. ref'd). This occurs when the officer has knowledge of facts, either personally or from trustworthy sources,[1] sufficient to indicate, though not necessarily by a preponderance, that the accused operated a vehicle while under the influence of alcohol.

In *Chilman*, for instance, the facts known to the officer at the time of the arrest were: (1) the appellant seemed intoxicated based on (a) his red, bloodshot eyes, (b) his slurred speech, (c) the smell of alcohol on his breath, (d) his evasiveness to questions, and (e) his demand to know why the officer had stopped him even though his car was already stopped before the officer activated the emergency equipment and approached the appellant's car; (2) the appellant had been sitting behind the wheel of a running car that had not been at that location twenty minutes before; and (3) the appellant demanded to know why the officer had stopped him, which indicated that the appellant had been driving. *Chilman*, 22 S.W.3d at 56. This court held these facts sufficient for a prudent person to believe that the appellant had been driving while intoxicated. *Id.*[2]

---

[1] As the majority notes, the trial court found all the witnesses truthful and credible.

[2] In a nonprecedential disposition, *Macrohon v. State*, Nos. 14-99-00729-CR, 14-99-00730-CR, 2001 WL 812331, at *2 (Tex. App.—Houston [14th Dist.] July 19, 2001, no pet.) (not designated for publication), this court cited *Chilman* in holding that an officer had probable cause to arrest the appellant for driving while intoxicated under facts remarkably similar to those presented here. In *Macrohon*, (1) the appellant was unconscious behind the wheel of a running

Moreover, persons initially found to be asleep or unconscious in the driver's seat of a running automobile have been found to have "operated" a vehicle under certain circumstances, such as when the vehicle was: (1) parked in a parking lot with the engine running and in gear, but a curb prevented the car from moving;[3] (2) stopped by the roadway with the right front tire against the curb and engine running, gearshift in "Drive," and lights on;[4] (3) stopped in a moving lane of traffic with the engine running;[5] and (4) stopped on a roadway with the engine running and lights on.[6] Here, in the context of a motion to suppress, the State's burden to show probable cause involves a far less demanding standard of proof than that required to establish guilt beyond a reasonable doubt. *See Guzman v. State*, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997).

The facts known to Officer Brasuell at the time of appellee's arrest included the following. Appellee was discovered asleep at the wheel of her running vehicle, with the keys in the ignition and the gearshift in "park," in an active public roadway then occupied by a line of "bumper-to-bumper" cars waiting to pick up children from school. Although the line of cars was not moving when Fajkus first saw appellee, Luce testified that traffic usually began building for school pick-up around 3:00 p.m., and Fajkus saw appellee slumped in her car with her neck at an odd angle around 3:15 p.m. According to Luce, appellee's vehicle was about the fifth car in line. Fajkus smelled an odor of alcohol emanating from appellee's vehicle when the

---

vehicle blocking a moving lane of traffic; (2) once awoken, appellant exhibited multiple signs of intoxication; and (3) appellant failed a battery of field sobriety examinations. *Id.*

[3] *Dornbusch v. State*, 262 S.W.3d 432, 437-38 (Tex. App.—Fort Worth 2008, no pet.).

[4] *Freeman v. State*, 69 S.W.3d 374, 375-76 (Tex. App.—Dallas 2002, no pet.).

[5] *Hearne v. State*, 80 S.W.3d 677, 680 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

[6] *State v. Savage*, 905 S.W.2d 272, 273 (Tex. App.—San Antonio 1995), *aff'd*, 933 S.W.2d 497 (Tex. Crim. App. 1996).

door opened. Fajkus told Officer Brasuell that appellee "smelled like a bar" and "couldn't walk a straight line." In addition, Officer Brasuell testified to numerous signs of intoxication that he observed in appellee when he arrived at the scene, including slurred speech, disorientation, confusion, unsteadiness, red and "glossy" eyes, and a strong odor of alcohol emanating from her person. Also significant, appellee told Officer Brasuell that she was on her way to work from her parents' house, and she told Luce that she was on the way to a nearby middle school. Regardless which statement was true, appellee's affirmative statements to the officer confirmed that she was necessarily in the *process of driving somewhere* when she was found. Considering the totality of the circumstances, these facts are sufficient for a prudent person to believe that appellee had been driving while intoxicated.

The majority distinguishes *Chilman* and like cases because appellee's vehicle was in the pick-up line for an unknown time. But appellee's statements to Officer Brasuell and to Luce that she left her parents' house and was on her way either to work or to a nearby middle school, together with facts that she was alone in a running car parked on a public roadway in a lane of standstill traffic (as opposed to in a parking spot) and that she was in a car line that began forming about fifteen minutes before Fajkus first saw her, afford a sufficient basis for a prudent person to believe that appellee had operated the vehicle recently enough such that she drove the car in an intoxicated state. *See Abraham*, 330 S.W.3d at 330-31. In *Abraham*, a civilian driver informed an officer that a car was stopped in the middle of a nearby roadway, and the driver appeared to be passed out. *Id*. at 328. The officer discovered Abraham alone, either asleep or passed out in the driver's seat of his car, with the engine running, in the middle of a public road. It took the officer several minutes to rouse Abraham, and when he did, he smelled alcohol on Abraham's breath. In response to the officer's questions, Abraham said he had been drinking, and he told the officer

5

he "*was on his way home*." *Id.* (emphasis added). This evidence, the court held, could have led the officer to believe that Abraham had been engaged in the offense of driving while intoxicated. *Id.* at 330. This was so even though the officer never saw Abraham operate the vehicle in which he was found. *Id.*; *see also State v. Morales*, No. 08-09-00137-CR, 2010 WL 819126, at \*3 (Tex. App.—El Paso, Mar. 10, 2010, no pet.) (mem. op., not designated for publication).[7] As the court did in *Abraham*, I conclude that the facts known to Officer Brasuell at the time of arrest were sufficient for a prudent person to believe that appellee had been driving while intoxicated.[8]

Importantly, the question in today's case is not whether there is legally sufficient evidence to show beyond a reasonable doubt that appellee was operating

---

[7] Like the present case, *Morales* involved the State's appeal from an order granting the accused's motion to suppress. *Morales*, 2010 WL 819126, at \*1. As here, Morales claimed the arrest was not based on probable cause because the officers did not observe him operating his motorcycle. The information known to the officers was that just after midnight, a suspect involved in a disturbance left a bar on a motorcycle minutes before the officers observed Morales in the middle of the roadway, straddling a motorcycle. Although at the time the officers first observed Morales, he was unsuccessfully kick-starting his motorcycle, Morales told the officers that he was *coming from a bar and heading home*. *Id.* at \*1, 3 (emphasis added). Morales did not contest that he was intoxicated. Viewing the totality of the circumstances, the court held the officers had probable cause to lawfully arrest Morales without a warrant. *Id.*

[8] Appellee relies heavily on *Texas Department of Public Safety v. Allocca*, 301 S.W.3d 364, 368 (Tex. App.—Austin 2009, pet. denied), cited in the trial court's order. The present facts, however, differ significantly from those in *Allocca*. When Allocca was found in asleep in his vehicle, he was parked in his normal spot in the parking lot behind his workplace. *Id.* Allocca testified that he was sleeping, and the driver's seat was reclined, the headlights were off, and he turned the engine on only for the air conditioning. *Id.* at 366. Appellee, in contrast, was not parked in a parking spot with her seat reclined; she was in a public, moving traffic lane, in a line of cars waiting to pick up children from school—facts such as these distinguished the circumstances in *Alloca*. *Id.* at 368 ("Here, Alloca was not stopped in *the middle of a roadway or in a moving lane of traffic*, but was parked in his usual parking space behind the building where he worked." (emphasis added)). Moreover, appellee relies on the *Allocca* court's statement that "the mere act of sitting in a legally parked vehicle while intoxicated does not necessarily establish probable cause absent some other factor, such as a recent collision or bystander reports, indicating that the accused actually drove the vehicle." *Id.* at 369. I disagree that such evidence is absent here, as I have explained.

6

her vehicle while intoxicated, but whether, based on the facts and circumstances within Officer Brausell's knowledge and of which he had reasonably trustworthy information, a prudent person in his shoes could believe that appellee was operating her vehicle while intoxicated. *See Amador*, 275 S.W.3d at 878; *see also, e.g.*, *Illinois v. United States*, 462 U.S. 213, 235 (1983) (providing that "it is clear that only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause" (internal quotation omitted)); *Brinegar v. United States*, 338 U.S. 160, 175 (1949) (explaining that probable cause requires evidence that amounts to "more than bare suspicion" but less than necessary for conviction); *Morales*, 2010 WL 819126, at *3 ("Whether the State sufficiently proved beyond a reasonable doubt that Morales operated a motor vehicle was simply not an issue for the trial court to determine at the suppression hearing; rather, the only issue was whether the officers, based on all the facts and circumstances known to them at the time, had probable cause to lawfully arrest Morales without a warrant.").

In my view, from the evidence discussed above, a prudent person could believe that appellee committed the offense of driving her vehicle while intoxicated. *E.g.*, *Abraham*, 330 S.W.3d at 330-31; *Chilman*, 22 S.W.3d at 56. The "temporal link" between appellee's driving and intoxication that a prudent person could have believed existed is supported by the facts and circumstances known to Officer Brasuell at the time he arrested her.[9] Accordingly, the officer had probable cause to arrest appellee for DWI. *See* Tex. Penal Code § 49.04; Tex. Code Crim. Proc. art.

---

[9] In *Kuciemba v. State*, the Court of Criminal Appeals explained that, although a temporal link between the defendant's intoxication and his driving is necessary to support a conviction for DWI, circumstantial evidence alone can provide this link. *See* 310 S.W.3d 460, 462 (Tex. Crim. App. 2010). The circumstantial evidence here showed that appellee was asleep at the wheel in a school pick-up line on a public roadway that undisputedly did not start forming until about fifteen minutes before she was discovered there. The most probable way she could have come to be in that particular place at that particular time is if she drove there *while the line was forming*.

14.01(b).  Thus, the trial court erred in granting appellee's motion to suppress.  I would sustain the State's sole issue and reverse and remand for further proceedings.

I respectfully dissent.


/s/    Kevin Jewell
       Justice


Panel consists of Justices Jewell, Bourliot, and Poissant (Poissant, J., majority).

Publish — Tex. R. App. P. 47.2(b).