

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| AIMEE RODRIGUEZ, | § | No. 08-23-00330-CR |
| Appellant, | § | Appeal from the |
| v. | § | 175th Judicial District Court |
| THE STATE OF TEXAS, | § | of Bexar County, Texas |
| Appellee. | § | (TC# 2023-CR-2464) |

## MEMORANDUM OPINION

Appellant, Aimee Dawn Rodriguez, was convicted for driving while intoxicated, enhanced to a third-degree felony because of two prior DWI convictions. Tex. Pen. Code §§ 49.04, 49.09(b). She appeals, arguing that there was insufficient evidence to support an essential element of the offense (operation of a motor vehicle) and that evidence should have been suppressed. Finding no error, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In January 2023, San Antonio police officers Chris McGowan and Marcos Tonche were dispatched to a convenience store for a welfare check in response to a report of an unresponsive

person.[1] Officer Toluche arrived first and was met by EMS staff who had just completed evaluating Appellant and said that she was responsive and oriented but seemed intoxicated. They notified the officer that Appellant refused to give any information (such as her name) or come out of her car. Officer Tonche said that he could hear that the vehicle's engine was running when he first approached, but at some point, Appellant turned it off. A short time later, Officer Chris McGowan arrived.

During most of Appellant's interaction with the officers, she was seated in the driver's seat of her vehicle, with the doors open and the dash and overhead lights on. She told the officers that she was coming from a meeting at her son's school. But she refused to answer more questions and the officers did not know how long she had been at the convenience store or if anyone else had been in the car with her. The officers tried to help Appellant find a ride home. She initially could not find her phone and Officer Tonche tried to make phone calls for her, but the numbers she provided were incorrect or no one answered. Eventually, about a half hour into their interaction, Appellant found her phone, but it needed to be charged. Officer Tonche brought her a phone charger and asked her to turn her car back on so that it could be charged. Appellant became uncooperative at this point and Officer Tonche asked her to step out of the vehicle. She refused to take a field sobriety test and was arrested.

Appellant was charged with driving while intoxicated. She waived a jury trial and stipulated to evidence showing a blood alcohol concentration of 0.272 and that she had two prior DWI convictions. Officers McGown and Tonche were the only witnesses that testified at trial. The

---

[1] This case was transferred pursuant to the Texas Supreme Court's docket equalization efforts. Tex. Gov't Code Ann. § 73.001. We follow the precedent of the Fourth Court of Appeals to the extent they might conflict with our own. *See* Tex. R. App. P. 41.3.

trial court admitted without objection the body camera videos of both officers. The trial court found Appellant guilty and sentenced her to two years, but suspended the sentence, placed her on probation for four years, and ordered an evaluation for an alcohol abuse treatment program. Appellant later withdrew her application for community service, opting to serve her jail term instead.

On appeal, Appellant argues that there was insufficient evidence to support a finding that she operated her vehicle while intoxicated (Issue One) and that the evidence that she operated the vehicle was inadmissible because the officers impermissibly used their community caretaking function as a pretext to investigate a crime (Issue Two). We take these issues in reverse order.

## II. ANALYSIS

### A. Appellant's suppression issue is waived

Appellant argues that the officers used the community caretaking exception as a pretext and that after EMS "cleared" her, law enforcement should have terminated their contact with her. She argues that "[a]ll evidence obtained during this contact should have been disregarded."

While the case was pending, Appellant filed a motion to suppress. But our record does not show that the motion was set or ruled on by the trial court. The filing of a motion to suppress is not by itself enough to preserve error. *Garza v. State*, 126 S.W.3d 79, 84 (Tex. Crim. App. 2004), citing *Thomas v. State*, 884 S.W.2d 215, 216 (Tex. App.—El Paso 1994, pet. ref'd)*; Norris v. State*, No. 04-18-00447-CR, 2019 WL 2271955, at *1–2 (Tex. App.—San Antonio May 29, 2019, pet. ref'd). "To preserve error, the record must show that appellant made a timely request, objection, or motion, and that the trial court ruled on it." *Garza*, 126 S.W.3d at 81–82; Tex. R. App. P. 33.1. Moreover, when the officers' body camera videos were offered into evidence, Appellant's attorney stated, "no objection." *See Tuffiash v. State*, 948 S.W.2d 873, 876

3

(Tex. App.—San Antonio 1997, pet. ref'd) ("By failing to obtain a ruling on a motion to suppress and failing to object at trial to the introduction of the offending evidence, an accused presents no error for appellate review."); *Norris*, 2019 WL 2271955, at \*2 (same).

Appellant did not preserve her evidentiary objections and we overrule her second issue.

### B. Legally sufficient evidence supports the conviction

#### (1) Standard of review

In reviewing the legal sufficiency of the evidence to support a criminal conviction, we must review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979); *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017). This standard applies whether the evidence was direct or circumstantial. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). We defer to the fact-finder to make inferences and resolve conflicts in the evidence. *Id.* "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Id.* We do not re-weigh evidence or substitute our judgment for that of the fact-finder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). We may not resolve any conflict of fact or assign credibility to the witnesses. *See Adelman v. State*, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992) (en banc).

#### (2) Evidence of operation of vehicle

A person commits the offense of driving while intoxicated "if the person is intoxicated while operating a motor vehicle in a public place." Tex. Pen. Code Ann. § 49.04(a). Appellant stipulated that she was intoxicated and does not dispute that she was in a public place. Therefore, the only issue was whether she *operated* a motor vehicle while intoxicated. The term "operating"

4

is not defined by the Penal Code. To prove this element of the offense, the Court of Criminal Appeals has held that "the totality of the circumstances must demonstrate that the defendant took action to affect the functioning of his vehicle in a manner that would enable the vehicle's use." *Denton v. State*, 911 S.W.2d 388, 390 (Tex. Crim. App. 1995) (en banc). Despite the name of the offense, an individual does not necessarily need to drive a vehicle to operate it while intoxicated. *Id.* at 389 ("while driving does involve operation, operation does not necessarily involve driving").

Appellant focuses much of her argument on whether her actions at the convenience store–sitting in a vehicle with the engine running and attempting to put on her seat belt–constituted "operating" the vehicle. She argues that this case is controlled by *Tex. Dep't of Pub. Safety v. Allocca*, 301 S.W.3d 364, 366 (Tex. App.—Austin 2009, pet. denied). In that case, officers responded to a report of a suspicious vehicle and found Allocca seemingly intoxicated and asleep in his running vehicle in a parking lot. *Id.* at 366. Allocca refused to give a breath specimen and his license was suspended as a result. *Id.*; Tex. Transp. Code Ann. § 724.035. He appealed that decision to the State Office of Administrative Hearings. *Id.* At the administrative hearing, Allocca testified that he left his car at his work, a friend drove him back after drinking at a bar, and that, rather than risk getting a DWI, he decided to sleep in his vehicle. *Id.* He turned the car on only to use the air conditioner while he slept. *Id.* The administrative law judge upheld the suspension of his license and Allocca appealed that decision to the county court. *Id.*

The trial court and later the court of appeals held that the record lacked substantial evidence to support probable cause to believe that Allocca had operated a vehicle. *Id.* at 366, 370. The court of appeals reasoned: "[T]he mere act of sitting in a legally parked vehicle while intoxicated does not necessarily establish probable cause absent some other factor, such as a recent collision or bystander reports, indicating that the accused actually drove the vehicle." *Id.* at 369. Here,

5

Appellant argues that there is insufficient evidence that she operated a vehicle because she, like Allocca, was intoxicated but simply sitting in a parked, running vehicle.

*Allocca* arose from a civil license forfeiture which differs from a criminal case in both procedure and substance.[2] Nonetheless, *Allocca* has been cited by several courts in analyzing the legal sufficiency of evidence to support a DWI conviction. *See, e.g., Schragin v. State*, 378 S.W.3d 510, 516–17 (Tex. App.—Fort Worth 2012, no pet.); *Stroud v. State*, No. 03-19-00097-CR, 2020 WL 855989, at *5 (Tex. App.—Austin Feb. 21, 2020, no pet.) (mem. op., not designated for publication); *Ogunnowo v. State*, No. 01-22-00174-CR, 2023 WL 8262786, at *9 (Tex. App.—Houston [1st Dist.] Nov. 30, 2023, no pet.) (mem. op., not designated for publication). Assuming without deciding that the analysis in *Allocca* applies, the case is distinguishable. In *Allocca*, the Department did not argue that there was probable cause to believe that Allocca drove to the parking lot before falling asleep; instead, "[t]he Department essentially conceded in its motion for new trial that the only possible basis for a finding of probable cause is a determination that Allocca operated the vehicle as a matter of law when he turned on the engine in the parking lot." *Allocca*, 301 S.W.3d at 370, n.8. Here, the State makes no such concession. It argues that the trial court could find that Appellant operated the vehicle by inferring that she drove it to the convenience store. Therefore, we evaluate whether a trier of fact could rationally infer from the circumstantial evidence that Appellant operated her vehicle by driving to the convenience store. *Cardoza v. Tex.*

---

[2] In a drivers' license suspension case, the Department had the burden to prove in an administrative hearing that:

    (1) reasonable suspicion or probable cause to stop or arrest [Allocca];

    (2) probable cause to believe that [Allocca] was operating a motor vehicle in a public place while intoxicated . . .;

    (3) [Allocca] was placed under arrest by the officer and was requested to submit to the taking of a specimen; and

    (4) [Allocca] refused to submit to the taking of a specimen on request of the officer.

Tex. Transp. Code Ann. § 724.042. The administrative law judge's decision is reviewed under a substantial-evidence standard of review. Tex. Transp. Code Ann. § 724.047; Tex. Gov't Code Ann. § 2001.174.

*Dep't of Pub. Safety*, No. 04-18-00410-CV, 2019 WL 938306, at *6 (Tex. App.—San Antonio Feb. 27, 2019, no pet.) (distinguishing *Allocca* because there was evidence from which the ALJ could infer that the driver arrived to his location by driving while intoxicated); *State v. Savage*, 905 S.W.2d 272, 274 (Tex. App.—San Antonio 1995), aff'd, 933 S.W.2d 497 (Tex. Crim. App. 1996) (holding that "the jury could reasonably infer that [defendant] had been driving the truck"); *Kinnett v. State*, 623 S.W.3d 876, 899 (Tex. App.—Houston [1st Dist.] 2020, pet. ref'd) (same).

Appellant told the officers that she was coming from a meeting at her son's school, but refused to answer further questions about how she got there or if she went home first to drop off her son. Nonetheless, it can be reasonably inferred from the evidence that she drove to the store. Appellant was sitting alone in the driver's front seat of a running vehicle that she owned.[3] *Murray*, 457 S.W.3d at 449 (citing evidence that the defendant was alone as evidence that he drove the vehicle); *Kinnett*, 623 S.W.3d at 899 (relying on evidence that vehicle was running and defendant was the only one in the vehicle). Although Officer McGowan found a bottle of alcohol under the driver seat, it had not been opened and there was no evidence that Appellant became intoxicated only after she arrived at the store. *Murray*, 457 S.W.3d at 449 (stating that because no alcoholic beverages were found, "a factfinder could have reasonably inferred that Appellant consumed alcoholic beverages to the point of intoxication somewhere other than where he was found"). Finally, even though EMS said that they were called because Appellant was unresponsive, there was no evidence that she was dropped off at the store and was taking a nap. *Compare Allocca*, 301 S.W.3d at 369 ("The circumstances in which Allocca was found, particularly the reclined front seat, would have made it difficult, if not impossible, for Allocca to "enable the vehicle's use" for

---

[3] Officer Tonche admitted that when he spoke to the Assistant District Attorney about the case, he could not remember if the engine was running or not. However, he said at the time of that conversation, he had not had a chance to review his report.

its intended purpose—that being the purpose of driving, rather than as a source of air conditioning."), *with Schragin*, 378 S.W.3d at (relying on evidence that the seat was not reclined to support finding that the defendant was operating his vehicle and not simply taking a nap).

Appellant offers other scenarios that that would explain how, without driving, she was intoxicated at the convenience store. For example, she argues that the store sold alcohol and that she "had remained in the parking space at least long enough to arouse concern," implying that she could have become intoxicated after she arrived. But the State is not required to disprove all possible scenarios. *Cary v. State*, 507 S.W.3d 761, 767 (Tex. Crim. App. 2016) (stating that there is no requirement for "the State to disprove every possible innocent explanation of the evidence."). "When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict, and we defer to that determination." *Murray*, 457 S.W. 3d 39 at 448–49; *see also Cary*, 507 S.W.3d at 766.

The record supports the inferences necessary to find that Appellant operated the vehicle while she was intoxicated. We overrule her first issue.

### III.  CONCLUSION

Appellant did not preserve her evidentiary complaints that the officers unlawfully obtained evidence. The evidence before the trial court was sufficient to support the one disputed element–that Appellant "operated" a vehicle while she was intoxicated. The judgment of the trial court is affirmed.

JEFF ALLEY, Chief Justice

8

July 31, 2024

Before Alley, C.J., Palafox, and Soto, JJ.

(Do Not Publish)