**Robb Montgomery LOVE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–90–191–CR.**

Court of Appeals of Texas, Austin.

June 10, 1992.

Rehearing Overruled Aug. 26, 1992.

Christine P. Files, Manchaca, for appellant.

Charles R. Kimbrough, Crim. Dist. Atty., Lockhart, for appellee.

Before CARROLL, C.J., and ABOUSSIE and B.A. SMITH, JJ.

B.A. SMITH, Justice.

On complaint and information, appellant was charged with the misdemeanor crime of driving while intoxicated—second offense. *See* TEX.REV.CIV.STAT.ANN. art. 6701*l*-1 (Supp.1992). After trial to a jury, he was convicted and sentenced to one year in the county jail and fined $1000. He subsequently received two years' probation, terms of which included thirty days' detention as well as the original fine. In two points of error, appellant complains that the trial court erred by: (1) allowing the prosecutor to read to the jury during the guilt/innocence phase of the trial that portion of the information pertaining to appellant's previous DWI conviction; and (2) allowing the introduction into evidence of unadjudicated offenses. We will affirm the judgment.

## BACKGROUND

The facts of this case are not in dispute. On January 7, 1990, an officer from the Caldwell County Sheriff's Department arrested appellant for driving while intoxicated (DWI). On the day of trial, before the jury was sworn, appellant's counsel moved that the court not read the portion of the information alleging a prior conviction for DWI. Appellant's counsel maintained that this portion of the information was admissible for enhancement purposes only. She maintained that this portion of the information would improperly prejudice the jury during the guilt/innocence stage of the trial.

The State opposed this motion, arguing that proof of a previous DWI conviction was necessary to establish all of the elements of the charged offense. The State also raised a jurisdictional argument:

> Just like if we were in felony court ..., in order to invoke the jurisdiction of the district court to prove a felony DWI, we would have to prove in front of the jury, prior to the punishment phase, two prior DWI's. In order to have the jury convict this defendant of DWI second offense, they will have to know, necessarily, about the first.

Thus the State argued that reading the contested portion of the information was necessary to invoke the jurisdiction of the court. The trial court overruled appellant's motion and subsequently allowed the State to read to the jury those portions of the information detailing appellant's previous DWI conviction.

Subsequently, appellant took the stand to testify. Appellant's counsel objected repeatedly when the State questioned appellant concerning the potential revocation of his probation for the previous DWI conviction. The court overruled most of these objections, sustaining only the objection regarding the scheduling of a probation revocation hearing.

## ANALYSIS

Appellant's first point of error challenges the reading of portions of the information to the jury. This point presents two issues: (1) whether art. 6701*l*-1(d) is an enhancement provision or whether it is an element of a separate offense; and (2) whether it was necessary to invoke the jurisdiction of the court by reading that portion of the information referring to appellant's previous DWI conviction.

This Court has previously addressed the first issue. In *Pope v. State*, 802 S.W.2d 418, 421 (Tex.App.1991, no pet.), we recognized that subsection (e) of art. 6701*l*-1 does not constitute a separate offense but instead merely provides for enhanced punishment for the offense of driving while intoxicated. In doing so, we cited *Bucek v.*

*State,* 724 S.W.2d 129, 131 (Tex.App.1987, no pet.), which held that "subsections (c), (d), (e), and (f) [of art. 6701*l*-1] are merely punishment provisions...." *Id.* at 421; *see also Wilson v. State,* 772 S.W.2d 118, 121 (Tex.Crim.App.1989). Thus we conclude that appellant's conviction under art. 6701*l*-1(d) was a conviction for driving while intoxicated, subject to enhanced punishment because of an earlier DWI conviction. We reject the State's argument that art. 6701*l*-1(d) constitutes a separate offense.

■■■ The jurisdictional issue, that it was necessary for the State to read the contested portion of the information in order to invoke the court's jurisdiction, in reality presents no issue at all. Both first and second offense driving while intoxicated are misdemeanors, *see* Tex. Penal Code Ann. § 12.41 (1974), over which the county court at law has jurisdiction. Tex.Gov't Code Ann. §§ 25.0003 (1988); *Id.* § 26.045 (Supp.1992). To invoke the county court at law's jurisdiction, it was not necessary to establish appellant's previous DWI conviction.[1]

The Code of Criminal Procedure states: The indictment or information shall be read to the jury by the attorney prosecuting. When prior convictions are alleged for purposes of enhancement only and are not jurisdictional, that portion of the indictment or information reciting such convictions shall not be read until the hearing on punishment....

Tex.Code Crim.Proc.Ann. art. 36.01 (Supp. 1992). The court of criminal appeals has noted that the purpose of this statute is the "prevention of the extreme prejudice which would almost invariably result from an announcement at the outset of the proceedings that the State believes that the defendant was previously convicted of a particular offense at a particular time and in a particular court." *Frausto v. State,* 642

S.W.2d 506, 508 (Tex.Crim.App.1982). Article 36.01 is mandatory and its violation is error. *Id.*

■■■ Nevertheless, because of events occurring after the commission of this error, we believe reversal is unwarranted. During the course of the guilt or innocence stage of the trial, appellant's judgment of probation for his earlier DWI conviction was admitted into evidence without objection. That judgment contains the identical prejudicial fact of the prior conviction that appellant sought to exclude by objecting to a reading of the information. Consequently, we believe beyond a reasonable doubt that the trial court's error made no contribution to appellant's conviction. *See* Tex. R.App.P.Ann. 81(b)(2) (Pamph.1992); *see also Anderson v. State,* 717 S.W.2d 622, 628 (Tex.Crim.App.1986) ("Inadmissible evidence can be rendered harmless if other evidence at trial is admitted without objection and it proves the same fact that the inadmissible evidence sought to prove.").[2] We overrule appellant's first point of error.

■■■ We likewise overrule appellant's second point of error. Appellant claimed that the court improperly admitted evidence of extraneous offenses, but those offenses were set forth in the judgment of probation admitted without objection. Error, if any, on the trial court's part was rendered harmless by the admission of this judgment of probation.

Finding no reversible error, we affirm the judgment.

---

**1.** Contrast this with the situation in *Pope* in which we did recognize that, notwithstanding the fact that subsection (e) was a penalty provision, the State was justified in referring to the two previous DWI convictions because they were necessary to invoke the felony jurisdiction of the district court. *Pope,* 802 S.W.2d at 421.

**2.** Of course, the information at issue does not constitute "evidence," but we cannot see why the same reasoning would not apply here.