# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00258-CR

**David Pratte, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF BELL COUNTY
### NO. 2C98-5654, HONORABLE JOHN MISCHTIAN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant David Pratte of misdemeanor driving while intoxicated ("DWI"), second offense, and the trial court sentenced him to one year in jail and a $500 fine. *See* Tex. Penal Code Ann. § 49.04 (West 2003), § 49.09(a) (West Supp. 2008). In two issues, Pratte complains that the State should not have been allowed to read the part of the charging information alleging a prior conviction for DWI and that the trial court erred in ruling that Pratte's failure to appear was admissible as evidence of flight. We affirm the judgment of conviction.

The trial court overruled Pratte's objection to the reading of the part of the information alleging a prior DWI offense, saying, "[W]e're going to object on the grounds that this court has jurisdiction, whether it's a first DWI or a second DWI, and that the reading of the previous DWI conviction would be prejudicial and serves no purpose for jurisdiction in this court." On appeal, Pratte argues that second-offense DWI is not a separate offense from first-offense DWI and "is instead an enhanced punishment for" DWI.

Article 36.01 of the code of criminal procedure requires a charging instrument to be read to the jury, but "[w]hen prior convictions are alleged for purposes of enhancement only and are not jurisdictional, that portion of the indictment or information reciting such convictions shall not be read until the hearing on punishment." Tex. Code Crim. Proc. Ann. art. 36.01(a)(1) (West 2007).[1] However, Pratte stipulated without objection and in the jury's presence to his prior DWI conviction after the information was read and before the State called its first witness. Therefore, as in *Love v. State*, the "identical prejudicial fact of the prior conviction" was admitted into evidence without objection, and we conclude that the asserted error did not contribute to Pratte's conviction. *See* 833 S.W.2d 264, 266 (Tex. App.—Austin 1992, pet. ref'd). We overrule Pratte's first issue.

---

[1] The purpose of article 36.01(a)(1) is to prevent prejudice against the defendant from the outset of the trial. *Love v. State*, 833 S.W.2d 264, 266 (Tex. App.—Austin 1992, pet. ref'd) (quoting *Frausto v. State*, 642 S.W.2d 506, 508 (Tex. Crim. App. 1982)). However, section 49.09 of the penal code, titled, "Enhanced *Offenses* and Punishments," provides that DWI, usually a Class B misdemeanor, is instead a Class A misdemeanor if the defendant has one prior DWI conviction. Tex. Penal Code Ann. § 49.09(a) (West Supp. 2008) (emphasis added); *see Gibson v. State*, 995 S.W.2d 693, 695-96 (Tex. Crim. App. 1999). Thus, the allegation of Pratte's prior conviction was necessary to establish this offense as a Class A misdemeanor, and the prior conviction arguably is an "element[] of the offense" that "define[s] the offense" as alleged. *See Gibson*, 995 S.W.2d at 696.

However, because Class A and Class B misdemeanors are heard by the same court, *see* Tex. Code Crim. Proc. Ann. art. 4.07 (West 2005), no issue arose as to the county court's jurisdiction, and article 36.01(a)(1) would seem to bar the reading of the prior-conviction portion of the information. *See Wood v. State*, 260 S.W.3d 146, 148-49 (Tex. App.—Houston [1st Dist.] 2008, no pet. h.) (State admitted "that reading the enhancement paragraph to the jury during the guilt-innocence phase was improper"); *see also State v. Morgan*, 160 S.W.3d 1, 4 (Tex. Crim. App. 2004) (discussing penal code section 49.09 as one of two "statutes providing for potentially increased *punishment* in the case of a person's second offense of driving while intoxicated" (emphasis added)). *But see Mapes v. State*, 187 S.W.3d 655, 659 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd) (citing *Gibson*, 995 S.W.2d at 696) ("Texas courts have drawn a clear distinction between enhancement of a punishment and enhancement of a DWI offense"). Because we conclude that no harm resulted from the jury being read the prior-conviction portion of the information, we need not resolve this issue.

Pratte next contends that allowing the State to present evidence of his failure to appear was reversible error. He concedes that evidence of flight or escape from the scene is admissible as evidence of guilt, but argues that he "was not escaping or fleeing from the scene of the crime when he allegedly failed to appear in court." We disagree.

Pratte was charged in 1998 of the subject offense of DWI, second offense, and was released on bond in October 1998. Nothing further was filed in the clerk's record until 2008. At a 2008 pretrial hearing on the State's motion in limine, the State said, "I plan on calling the court coordinator to testify why this case is 10 years old; the fact that Mr. Pratte didn't show up for court; that he—in fact, his bond was forfeited, and did not get back in our system until sometime back in 2007." Pratte responded, "I don't see how that's not extremely prejudicial. And I'm not aware of any resulting conviction from the failure to appear or an actual confirmation of bond jumping. So I don't think that issue has been resolved." The trial court overruled Pratte's objection and proceeded to voir dire. At trial, the State called the court coordinator, who testified that Pratte's bond was forfeited after he failed to appear on December 10, 1999; she had no personal knowledge about why Pratte failed to appear. The State admitted into evidence a judgment nisi reciting that Pratte had not appeared in December 1999 and that his bond was therefore forfeited.

"The forfeiture of an accused's bail bond may be proved as tending to show flight," and "flight, in the context of bail-jumping, may be construed as evidence of guilt." *Cantrell v. State*, 731 S.W.2d 84, 93 (Tex. Crim. App. 1987); *see Logan v. State*, 510 S.W.2d 598, 600 (Tex. Crim. App. 1974); *Guajardo v. State*, 378 S.W.2d 853, 856 (Tex. Crim. App. 1964); *Hyde v. State*, 846 S.W.2d 503, 505 (Tex. App.—Corpus Christi 1993, pet. ref'd). "To exclude evidence of flight, the defendant has the burden to affirmatively show that the flight is directly connected to some other

3

transaction that is not connected with the offense on trial." *Hyde*, 846 S.W.2d at 505 (citing *Wockenfuss v. State*, 521 S.W.2d 630, 632 (Tex. Crim. App. 1975)).

Evidence that Pratte failed to appear in 1999 and that his bond was forfeited was relevant and admissible as evidence of guilt. *See Cantrell*, 731 S.W.2d at 93; *Hyde*, 846 S.W.2d at 505; *see also* Tex. R. Evid. 402 (relevant evidence generally admissible). Pratte did not present any evidence showing that his failure to appear was not flight from prosecution. *See Hyde*, 846 S.W.2d at 505. On appeal he presents no argument that the probative value of the evidence was substantially outweighed by its prejudicial effect, *see* Tex. R. Evid. 403. Pratte therefore has not shown that the trial court abused its discretion or committed reversible error in admitting the evidence. *See* Tex. R. App. P. 44.2(b); *see also Nelson v. State*, No. 03-05-00711-CR, 2006 Tex. App. LEXIS 8059, at *10 (Tex. App.—Austin Sept. 8, 2006, no pet.) (mem. op., not designated for publication) (weighing admission of flight under rule 403). We overrule Pratte's second issue.

Having overruled Pratte's issues, we affirm the trial court's judgment of conviction.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Puryear and Pemberton

Affirmed

Filed: December 31, 2008

Do Not Publish

4