Jose OLIVA, Appellant

v.

The STATE of Texas, Appellee

NO. 14-15-01078-CR

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed March 28, 2017

Discretionary Review Granted July 27, 2017

Theodore Lee Wood, Houston, TX, for Appellant.

Patricia McLean, Houston, TX, for State.

Panel consists of Chief Justice Frost and Justices Brown and Jewell.

## OPINION

Marc W. Brown, Justice

Appellant Jose Oliva appeals his conviction for the Class A misdemeanor offense of driving while intoxicated (DWI). *See* Tex. Penal Code § 49.09(a) (West 2015). Appellant argues, in two issues, that the evidence is legally insufficient to prove that he: (1) has a prior DWI conviction, and (2) operated a vehicle while intoxicated. We hold that a prior DWI conviction[1] is an element of the charged offense. Because there is sufficient evidence that appellant operated a vehicle while intoxicated, but no evidence during the guilt-innocence phase of the trial that appellant has a prior DWI conviction, we reverse the conviction and remand to the trial court with instructions to reform the judgment to reflect a conviction for the lesser-included offense of Class B misde-

---

1. Although Section 49.09 includes several intoxication-related offenses in addition to DWI, we will refer only to DWI for the sake of brevity and because DWI is the only intoxication-related offense applicable to this case.

meanor DWI, and to conduct a new punishment hearing for the Class B misdemeanor conviction. *See id.* § 49.04(a),(b) (West 2015).

## I. BACKGROUND

The 3400 block of Hadley Street is a two-lane public roadway in Houston, Harris County, Texas. The street runs east and west. The street has no lane markings. Located on either side of Hadley Street are homes. At about 1:00 in the morning on May 10, 2015, Houston police officers Aldana and Habukiha responded to a call regarding a suspicious person on Hadley Street. Within a few minutes of the call, officers arrived at the scene and saw a parked car. At trial, Habukiha testified that the car was not legally, parallel parked beside the street curb. Although Habukiha could not recall how far away from the curb the car was, he testified that the car was parked in a lane of moving traffic.

The officers approached the car. The engine was running and the key was in the ignition. The car's emergency lights were not activated. The officers found appellant asleep, slouched, and in the driver's seat. He was not wearing a seatbelt, a shirt, or shoes. Habukiha did not remember whether appellant's feet were on the pedals. The car's cup holder had one open container of beer.

The officers tried to wake appellant, but initially he was unresponsive. When the officers opened the car door, appellant woke up and fell out onto the street. The officers detected a strong odor of alcohol in the car and on appellant's breath. Appellant slurred his speech and had glassy eyes and poor balance. Appellant showed six clues on the horizontal-gaze-nystagmus test. His breath-test results were over the legal limit of intoxication (.08) at .184 and .183 at 2:18 a.m. and 2:21 a.m., respectively. The technical supervisor with the Texas Department of Public Safety's Breath Alcohol Testing Program testified that "using the average of .02 per standard drink," it would take "roughly about nine drinks" for a person to reach appellant's alcohol-concentration level.

Appellant was charged by information with driving while intoxicated. The information contained two paragraphs, the second of which alleged a prior DWI conviction. Appellant pleaded not guilty. During the guilt-innocence phase of trial, the State referred only to the DWI offense that occurred in May 2015 on Hadley Street. The State did not attempt to prove that appellant had a prior DWI conviction, and no evidence was offered of it. Additionally, the trial court's charge to the jury made no mention of appellant's prior DWI conviction.[2] The jury convicted appellant of DWI. During the punishment phase of the trial, the state introduced evidence that appellant previously had been convicted of DWI. The jury found that the appellant had a prior DWI conviction and assessed his punishment at 180 days' confinement. The trial court's written judgment re-

---

2. The relevant portion of the charge reads:
 Therefore, if you believe from the evidence beyond a reasonable doubt that the Defendant, JOSE OLIVA, on or about the 10th day of May, 2015, in Harris County, Texas, did while intoxicated, namely, not having the normal use of the Defendant's mental or physical faculties by the reason of the introduction of alcohol into the Defendant's body, operate a motor vehicle in a public place, or if you believe from the evidence beyond a reasonable doubt that the Defendant, JOSE OLIVA, on or about the 10th day of May, 2015, in Harris County, Texas, did then and there unlawfully while intoxicated, namely, having an alcohol concentration of at least 0.08 in the Defendant's breath, operate a motor vehicle in a public place, you will find the Defendant guilty.

flected that appellant was convicted of "DWI 2ND" and the degree of offense was labeled as a "Class A Misdemeanor."

## II. STANDARD OF REVIEW

■ In reviewing legal sufficiency in a criminal case, we view all the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). "This standard tasks the factfinder with resolving conflicts in the testimony, weighing the evidence, and drawing reasonable inferences from basic facts." *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015), *cert. denied*, —— U.S. ——, 136 S.Ct. 198, 193 L.Ed.2d 127 (2015). We consider direct and circumstantial, as well as properly and improperly admitted, evidence. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Circumstantial evidence alone may be sufficient to establish guilt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Each fact need not point directly and independently to a defendant's guilt, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Id.* The State is not required to disprove every conceivable alternative to a defendant's guilt. *Ramsey v. State*, 473 S.W.3d 805, 808 (Tex. Crim. App. 2015). When the record supports conflicting inferences, appellate courts presume the factfinder resolved the

conflicts in favor of the verdict, and defer to that determination. *Murray*, 457 S.W.3d at 449.

## III. ANALYSIS

Appellant's first issue has two subparts. Appellant argues that a prior DWI conviction is not a punishment enhancement for a Class B misdemeanor; rather, it is an element of the offense of Class A misdemeanor DWI under subsection 49.09(a) that must be proven during the guilt-innocence phase of a jury trial. Next, appellant argues that because no evidence showed, during the guilt-innocence phase of the trial, that appellant had a prior DWI conviction, the evidence is legally insufficient to support appellant's conviction. The State asserts that there is a conflict in authority[3] regarding appellant's first subpart but concedes that during the guilt-innocence phase of the trial, the State presented no evidence proving appellant had a prior DWI conviction.

### A. A prior DWI conviction is an element of a Class A misdemeanor DWI offense.

#### (i) Class A and B misdemeanors

■ A reviewing court must look to the plain language of the statute when discerning whether any given fact constitutes an element of the offense. *Calton v. State*, 176 S.W.3d 231, 234 (Tex. Crim. App. 2005). Sections 49.04 and 49.09 of the Texas Penal Code are at issue. Under subsection

---

3. The conflict is among intermediate courts of appeals. For instance, the State asserts that these cases treated prior DWI convictions as punishment enhancements: *Prihoda v. State*, 352 S.W.3d 796, 806 (Tex. App.—San Antonio 2011, pet. ref'd); *Wood v. State*, 260 S.W.3d 146, 147, 149 (Tex. App.—Houston [1st Dist.] 2008, no pet.); *Blank v. State*, 172 S.W.3d 673, 676 (Tex. App.—San Antonio 2005, no pet.); and *Love v. State*, 833 S.W.2d 264, 265–66 (Tex. App.—Austin 1992, pet. ref'd). Con-

versely, this court treated a prior DWI conviction as an element of a DWI offense in *Mapes v. State*, 187 S.W.3d 655, 658 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd). The State also directs us to these cases that may support a finding that prior DWI convictions are elements of a DWI offense: *Calton v. State*, 176 S.W.3d 231, 234 (Tex. Crim. App. 2005); *State v. Webb*, 12 S.W.3d 808, 811 n.2 (Tex. Crim. App. 2000); and *Gibson v. State*, 995 S.W.2d 693, 694–97 (Tex. Crim. App. 1999).

49.04(b), a DWI is a Class B misdemeanor. This Section requires no prior DWI convictions, stating, in part:

(a) A person commits an offense if the person is intoxicated while operating a motor vehicle in a public place.

(b) Except as provided by Subsections (c) and (d) and Section 49.09, an offense under this section is a Class B misdemeanor, with a minimum term of confinement of 72 hours.

Tex. Penal Code § 49.04(a), (b). By contrast, a DWI offense under subsection 49.09(a) is a Class A misdemeanor. This subsection requires proof of one prior DWI conviction, stating:

an offense under 49.04, . . . is a Class A misdemeanor, with a minimum confinement of 30 days, if it is shown on the trial of the offense that the person has previously been convicted one time of an offense relating to the operating of a motor vehicle while intoxicated . . . .

*Id.* § 49.09(a).

Generally, punishment for a Class A misdemeanor is: "(1) a fine not to exceed $4,000; (2) confinement in jail for a term not to exceed one year; or (3) both such fine and confinement." Tex. Penal Code § 12.21 (West 2015). Punishment for a Class B misdemeanor is: "(1) a fine not to exceed $2,000; (2) confinement in jail for a term not to exceed 180 days; or (3) both such fine and confinement." *Id.* § 12.22 (West 2015).

### (ii) Punishment enhancements

■ To determine whether the prior DWI conviction is an element of the offense or a punishment enhancement, we must examine the differences between the two concepts. A punishment enhancement is a fact that "increase[s] the punishment range to a certain range above what is ordinarily prescribed for the indicted crime. It does not change the offense, or

the degree of the offense, of conviction." *Calton*, 176 S.W.3d at 233 (alteration in original). While a defendant is entitled to written notice of a punishment-enhancement allegation, it need not be pled in the indictment nor proven during the guilt-innocence phase of trial. *Brooks v. State*, 957 S.W.2d 30, 34 (Tex. Crim. App. 1997).

Under Chapter 12's general punishment-enhancement scheme, a Class A misdemeanor offense enhanced with a prior conviction for a Class A misdemeanor or felony raises the minimum jail sentence to 90 days. Tex. Penal Code § 12.43(a) (West 2015). The maximum jail sentence is still one year. *Id.* A Class B misdemeanor enhanced with a prior conviction for a Class A or B misdemeanor or felony raises the minimum jail sentence to 30 days. *Id.* § 12.43(b). The maximum jail sentence is still 180 days. *Id.*

### (iii) Elements of the offense and elements that enhance the degree of an offense

■ The Penal Code defines an "element" of an offense as: "(A) the forbidden conduct; (B) the required culpability; (C) any required result; and (D) the negation of any exception to the offense." *Id.* § 1.07(22) (West 2015); *see Schmutz v. State*, 440 S.W.3d 29, 34 (Tex. Crim. App. 2014) ("An 'element' is a fact that is legally required for a fact finder to convict a person of a substantive offense."). An element must be proven beyond a reasonable doubt at the guilt-innocence phase of trial. Tex. Code Crim. Proc. Ann. art. 38.03 (West 2015); *Calton*, 176 S.W.3d at 234. An element also must be pled in the indictment. Tex. Code Crim. Proc. Ann. art. 21.03 (West 2015).

■ Proof of an additional element may "enhance" an offense to a greater degree. *See Ex Parte Reinke*, 370 S.W.3d 387, 389

(Tex. Crim. App. 2012) (contrasting punishment and offense enhancements). To illustrate the difference between statutory schemes that use elements to "enhance" the degree of an offense versus schemes that only enhance punishment, we find instructive the *Reinke* court's comparison of Chapter 49's intoxication offenses and Chapter 12's punishment-enhancement provisions. *Id.* Section 49.07 defines the offense of intoxication assault and then states, "Except as provided by Section 49.09, an offense under this section is a felony of the third degree." Tex. Penal Code § 49.07(c) (West 2015). In turn, Section 49.09 enhances the degree of the offense, stating, "[a]n offense under Section 49.07 is a felony of the second degree if it is shown on the trial of the offense that [defendant caused traumatic brain injury]." *Id.* § 49.09(b-4). The language indicates the legislature intended to increase the degree of the offense. *See Reinke*, 370 S.W.3d at 389 (analyzing Tex. Penal Code §§ 49.07(c), 49.09(b-4)). By contrast, the "shall be punished for a felony of the _____ degree" language in Section 12.42 indicates the legislature's intent to enhance the range of punishment. *See id.* (discussing Tex. Penal Code § 12.42 (passim)); *see also Ford v. State*, 334 S.W.3d 230, 231 (Tex. Crim. App. 2011) ("Because Article 62.102(c) states that '*punishment for the offense . . . is increased* to the punishment for the next highest degree of felony,' we hold that only the level of punishment was enhanced." emphasis added).

In *Gibson v. State*, the Court of Criminal Appeals held that subsection 49.09(b), which concerns felony DWI, should not be viewed as a punishment-enhancement statute similar to Section 12.43. 995 S.W.2d 693, 694–97 (Tex. Crim. App. 1999). The *Gibson* court also held that under subsection 49.09(b), prior intoxication offenses are elements of felony DWI. *Id.*[4] Following *Gibson*, this court in *Mapes v. State* addressed punishment enhancements in the context of subsection 49.09(a). *See Mapes v. State*, 187 S.W.3d 655, 658 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd). The relevant issue in *Mapes* was whether a prior, Class A misdemeanor DWI conviction was void because the trial judge sentenced the defendant below the minimum, statutory requirement for the offense. *Id.* In finding the prior conviction void, the trial court rejected the State's argument that the defendant was actually convicted of a non-enhanced, Class B misdemeanor DWI (and therefore his sentence was not below the statutory minimum). *Id.* at 659. The *Mapes* court stated that the State "appear[ed] to interpret Penal Code Section 49.09 as a punishment enhancement statute." *Id.* The *Mapes* court concluded "one prior DWI is a required element of the offense of Class A misdemeanor DWI under Section 49.09(a), to which the punishment enhancements under Sections 12.42 and 12.43 do not apply." *Id.* at 659–60 (citing *Gibson*, 995 S.W.2d at 696).

Under the statute's plain language, and applying *Reinke*,[5] *Calton*,[6] *Gibson*,[7] and *Mapes*,[8] a prior DWI conviction is an element of the offense of Class A misdemeanor DWI under Section 49.09(a). Subsection 49.09(a) is clear and unambiguous. The prior DWI conviction is a fact that is "legally required for a fact finder to convict a

---

4. The *Gibson* court also recognized that the two prior convictions are required to establish jurisdiction, i.e., that the offense is a felony triable in district court. *Id.* at 696 & n.2.

5. *Reinke*, 370 S.W.3d at 389.

6. *Calton*, 176 S.W.3d at 233.

7. *Gibson*, 995 S.W.2d at 694–97.

8. *Mapes*, 187 S.W.3d at 659–60.

person" of Class A misdemeanor DWI. *See Schmutz*, 440 S.W.3d at 34 (defining "element"). If the defendant has a prior DWI conviction, the statute enhances the degree of the offense, from a Class B misdemeanor DWI to a Class A misdemeanor DWI. *See* Tex. Penal Code §§ 49.04(b), 49.09(a); *Calton*, 176 S.W.3d at 233 (an enhancement does not change the degree of the offense of conviction). Said differently, a prior DWI conviction is not a punishment enhancement of a Class B misdemeanor DWI. Nor could it be, because the offense for which appellant was charged is not a Class B misdemeanor DWI. *See Calton*, 176 S.W.3d at 233 (a punishment enhancement "increases the punishment range to a certain range above that ordinarily prescribed *for the indicted crime.*") (emphasis added). Further, Section 49.09 lacks the "shall be punished" language that is present in other statutes containing punishment enhancements. *See, e.g., Reinke*, 370 S.W.3d at 389 (discussing Tex. Penal Code § 12.42); *Ford*, 334 S.W.3d at 231 (discussing Tex. Code Crim. Proc. Ann. art. 62.102).

The State directs us to cases in which a prior DWI conviction was treated as a punishment enhancement instead of an element of a separate offense.[9] These cases are ultimately based on *Love v. State* or *Wilson v. State*, cases in which the statute at issue was Section 49.09's predecessor, article 6701/-1. *See Love*, 833 S.W.2d 264, 265–66 (Tex. App.—Austin 1992, pet. ref'd); *Wilson*, 772 S.W.2d 118, 123 (Tex. Crim. App. 1989); *see also Ex parte Benson*, 459 S.W.3d 67, 87 (Tex. Crim. App. 2015) ("The new legislative scheme plainly superseded *Wilson*'s holding in at least one respect: "serious bodily injury" was no

longer part of a punishment enhancement; it was an element of the new intoxication-assault offense."). The former DWI statute did not label a second DWI offense as a Class A misdemeanor, but read: "(d) If it is shown on the trial of an offense under this article that the person has previously been convicted one time of an offense under this article, the offense is punishable by: (1) a fine not less than $300 or more than $2,000; and (2) confinement in jail for a term of not less than 15 days or more than two years." Act of May 18, 1983, 68th Leg., R.S., ch. 303 § 3, art. 6701/-1, Tex. Gen. Laws 1575–76. In 1993, the legislature created different degrees of DWI offenses. *See* Act of May 8, 1993, 73rd Leg., R.S., ch. 900, § 1.01, §§ 49.04, 49.09, 1993 Tex. Gen. Laws 3697–98 (codified at Tex. Penal Code §§ 49.04, 49.09). Commission of a second DWI became a Class A misdemeanor. *See id.* As a result of this change, the prior DWI conviction became an element under a Class A misdemeanor DWI by virtue of defining the new offense as a Class A misdemeanor. Accordingly, the cases that rely on the former DWI statute are not instructive.

Therefore, a prior DWI conviction is an element of the offense of Class A misdemeanor DWI under subsection 49.09(a).

**B. The evidence is insufficient to support appellant's conviction under subsection 49.09(a).**

█ No evidence of appellant's prior DWI conviction was presented to the jury during the guilt-innocence phase. *See* Tex. Code Crim. Proc. Ann. art. 38.03 (West 2015) (requiring every element to be proven beyond a reasonable doubt to convict a

---

9. *See, e.g., Prihoda*, 352 S.W.3d at 806 (relying on *Blank*, 172 S.W.3d at 676); *Wood*, 260 S.W.3d at 147, 149 (relying on *Wilson v. State*, 772 S.W.2d 118, 123 (Tex. Crim. App. 1989)); *Blank*, 172 S.W.3d at 676 (relying on

*Love*, 833 S.W.2d at 265–66); *Love*, 833 S.W.2d at 265–66 (under former DWI statute, a prior DWI conviction was not offense element).

person of an offense); *Calton*, 176 S.W.3d at 234 (same). The State presented evidence of appellant's prior DWI conviction during the punishment phase. However, we may not consider such evidence in a bifurcated jury trial on a plea of not guilty because the jury did not consider it at the time it rendered its verdict. *See Barfield v. State*, 63 S.W.3d 446, 450 (Tex. Crim. App. 2001). Accordingly, the evidence is legally insufficient to sustain appellant's conviction under subsection 49.09(a). *See Jackson*, 443 U.S. at 319, 99 S.Ct. 2781.

**C. The proper disposition is to reverse and remand to the trial court to reform the judgment to delete the conviction for the Class A DWI offense and instead to reflect a conviction for the lesser-included offense of Class B misdemeanor DWI, and to conduct a new punishment hearing.**

Having determined that the evidence is legally insufficient to support a conviction for the Class A DWI offense, we turn now to the proper disposition. We are guided by *Thornton v. State*, 425 S.W.3d 289, 299–300 (Tex. Crim. App. 2014). The *Thornton* court found the evidence insufficient to support the defendant's conviction, but sufficient to support a conviction for a lesser-included offense. *Id.* The *Thornton* court consequently remanded the case to the trial court to reform the judgment to reflect a conviction for a lesser-included offense. *Id.* at 307. Appellant's judgment may be reformed to reflect a conviction for a Class B misdemeanor if: (1) in the course of convicting appellant of the greater offense, the jury necessarily must have found every essential element necessary to convict appellant for the lesser-included offense; and (2) conducting an evidentiary-sufficiency analysis as though appellant had been convicted of the lesser-included offense at trial, the evidence is sufficient to

support a conviction for that offense. *Id.* at 300.

First, the charge of the court instructed the jury to determine whether appellant, while intoxicated, operated a motor vehicle in a public place. In the course of convicting appellant of Class A misdemeanor DWI, the jury necessarily must have found every essential element necessary to convict appellant of a Class B misdemeanor. *See* Tex. Penal Code §§ 49.04(a), 49.09(a). Therefore, a Class B misdemeanor DWI is a lesser-included offense of Class A misdemeanor DWI. Second, the evidence is sufficient to convict appellant of a Class B misdemeanor DWI. Appellant disagrees, arguing in his second issue that the evidence is insufficient to prove appellant operated his car while intoxicated.

A person commits a Class B misdemeanor DWI if that person: (1) is intoxicated; (2) while operating a motor vehicle; (3) in a public place. Tex. Penal Code § 49.04(a). Appellant does not contest, and the evidence is sufficient to prove, the public-place element. We next examine the first two elements together.

There must be a temporal link between defendant's intoxication and operation of the vehicle. *Kuciemba v. State*, 310 S.W.3d 460, 463 (Tex. Crim. App. 2010). The Penal Code does not define the term "operate." In *Denton v. State*, the Court of Criminal Appeals took a "totality of the circumstances" approach in deciding whether the defendant operated a vehicle within the meaning of the Penal Code. 911 S.W.2d 388, 390 (Tex. Crim. App. 1995). The *Denton* Court stated the defendant operated a vehicle when he "took action to affect the functioning of his vehicle in a manner that would enable the vehicle's use." *Id.* While driving involves operation, operation does not necessarily involve driving. *Id.* at 389. In other words, the defini-

tion of operation does not require that the vehicle actually move. *Id.*

The facts of this case are similar to those in *Hearne v. State*, 80 S.W.3d 677, 678–79 (Tex. App.—Houston [1st Dist.] 2002, no pet.), and *Murray*, 457 S.W.3d at 450, where the accuseds were found to have "operated" their vehicles for purposes of DWI. In *Hearne*, as here, the arresting officer found Hearne asleep in his car. 80 S.W.3d at 678–79. He was not touching the brake or accelerator pedals. *Id.* The arresting officer could not tell how long Hearne's truck had been parked. *Id.* However, our sister court found the evidence sufficient to prove Hearne was operating his truck at the moment he was found because: (1) the truck was in a lane of moving traffic; (2) the engine was running; (3) Hearne was in the driver's seat; (4) the truck was registered to Hearne; (5) no other person was nearby; and (6) Hearne stipulated that he was legally intoxicated. *Id.*

In *Murray*, unlike *Hearne*, the evidence was sufficient prove that Murray operated his car while intoxicated *before* the arresting officer found him parked and asleep in a private driveway. *Compare Murray*, 457 S.W.3d at 449–50, *with Hearne*, 80 S.W.3d at 678–79. The *Murray* court reasoned that a jury could have inferred Murray had driven his car while intoxicated based on these facts: (1) Murray was in the driver's seat; (2) Murray was the only person in the vehicle and in the vicinity; (3) no alcoholic substances or containers were found in the area; and (4) based on the arresting officer's observations, Murray was intoxicated. *See Murray*, 457 S.W.3d at 449. The court concluded that "a factfinder could have also reasonably inferred that Appellant drove his vehicle to the location at which he was found after drinking to intoxication." *Id.*

From the totality of the circumstance and viewing the evidence in the light most favorable to the State, a jury reasonably could have found that appellant operated a vehicle while intoxicated like the appellants in *Murray* and *Hearne*. Similar to *Hearne*, the jury could have inferred that appellant was operating the vehicle at the time he was found intoxicated and asleep, based on these facts: appellant's car was parked in a lane of moving traffic; the key was in the ignition; the car was running; appellant was in the driver's seat; no other person was in the car; no evidence suggested that another person operated the car; and appellant does not contest, and the breathalyzer and Habukiha's testimony show, that appellant was intoxicated when the arresting officers found him.

Additionally, as in *Murray*, the jury could have inferred that appellant drove his vehicle to the location at which he was found asleep after drinking to intoxication based on the above-recited facts, in addition to these two facts: there was one open container of beer in the car, and appellant's blood-alcohol concentration level, which was more than twice the legal limit, indicated he had consumed more alcohol than one beer contains. *See Kuciemba*, 310 S.W.3d at 463 (A "high-blood alcohol level—more than twice the legal limit—found in a sample taken at the scene, supports an inference ... that he had been intoxicated for quite a while."). Therefore, the evidence is sufficient to prove that appellant was driving a motor vehicle while intoxicated in a public place.

 Appellant argues that because he was found in a residential area, he could have consumed alcohol at a nearby residence after parking his car. However, there is no evidence suggesting appellant had a reason to be in the neighborhood. Further, the State is not required to disprove every conceivable alternative to ap-

pellant's guilt. *See Ramsey*, 473 S.W.3d at 808. Appellant also directs us to cases that predate *Geesa v. State*, 820 S.W.2d 154, 162 (Tex. Crim. App. 1991), *overruled in part by Paulson v. State*, 28 S.W.3d 570 (Tex. Crim. App. 2000).[10] Before *Geesa*, courts applied the "reasonable hypothesis" standard, which the *Geesa* court overturned. *See Geesa*, 820 S.W.2d at 162. That standard required the State to exclude all reasonable hypotheses, other than the defendant's guilt, for the evidence to be found sufficient on appeal in a conviction based on circumstantial evidence. *Carlsen v. State*, 654 S.W.2d 444, 447 (Tex. Crim. App. 1983), *overruled by Geesa*, 820 S.W.2d at 161. Now, we examine both direct and circumstantial evidence in the same manner and we do not consider every reasonable hypothesis other than guilt. *Geesa*, 820 S.W.2d at 162. Appellant's pre-*Geesa* authorities therefore are not persuasive.

Appellant also attempts to compare the circumstances of his case to those in *Texas Department of Public Safety v. Allocca*, 301 S.W.3d 364, 368–70 (Tex. App.—Austin 2009, pet. denied). In *Allocca*, the evidence was insufficient to support a probable-cause finding that Allocca was operating his car (1) at the moment, and (2) before, he was found. Supporting the *Allocca* court's first finding was this evidence: Allocca was not stopped in the middle of a roadway or in a moving lane of traffic; he was parked in his usual parking space behind the building where he worked; he was not touching the brake; the car's headlights were not on; the car was in park; the engine was running; and the front seat was reclined to accommodate sleeping. *Id.* Unlike in *Allocca*, in today's case, no evidence

suggests that appellant had a reason or purpose to be in the area. Nor was appellant legally parked in a parking spot. The *Allocca* court signaled the significance of this latter fact when it discussed *Hearne* and other cases, stating: "In each of these cases, there was at least one additional factor, other than the driver being asleep with the engine running, that indicated the driver had attempted or intended to drive the vehicle." *Id.* at 368 & n.3.

Supporting the *Allocca* court's second finding was this evidence: a caller reported a suspicious vehicle; the car had no signs of being involved in a collision; no bystanders reported seeing Allocca driving; and the car was not blocking traffic. The *Allocca* court reasoned that the evidence suggested Allocca's car was parked in a public parking space "long enough to arouse suspicion." Additionally, the circumstances under which the car was parked, that is, the legality and location, were insufficient to indicate Allocca had driven there while intoxicated. Again, unlike in *Allocca*, appellant was illegally parked in a moving lane of traffic. Therefore, *Allocca* is not persuasive.

Having found the evidence legally sufficient to support appellant's conviction of a Class B misdemeanor DWI, we overrule appellant's second issue. Following *Thornton*, we reverse the judgment and remand the case to the trial court with instructions to reform appellant's judgment to reflect a conviction for Class B misdemeanor DWI and to conduct a new punishment hearing for the Class B misdemeanor DWI conviction. *See Thornton*, 425 S.W.3d at 307; *Bowen v. State*, 374 S.W.3d 427, 432 (Tex. Crim. App. 2012).

---

10. Appellant cites *Hudson v. State*, 510 S.W.2d 583, 584 (Tex. Crim. App. 1974); *Ballard v. State*, 757 S.W.2d 389, 391 (Tex. App.—Houston [1st Dist.] 1988, pet. ref'd) (finding persuasive *Reddie v. State*); *Reddie v. State*, 736 S.W.2d 923, 926–28 (Tex. App.—San Antonio 1987, pet. ref'd) (declining to infer defendant drove or operated the vehicle while intoxicated because other reasonable hypotheses existed).

## IV. Conclusion

We reverse the judgment of the trial court and remand to the trial court to reform the judgment as set forth above. After reforming the judgment to reflect a conviction of a Class B misdemeanor DWI under subsection 49.04(b) of the Texas Penal Code, the trial court shall hold a new punishment hearing for the Class B misdemeanor DWI conviction. *See Thornton*, 425 S.W.3d at 307.