

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

## No. 02-17-00140-CR

———————————————

RHONDA MARIE HARTZELL, Appellant

V.

THE STATE OF TEXAS

On Appeal from County Court at Law No. 1
Wichita County, Texas
Trial Court No. 65253-E

Before Meier, Gabriel, and Kerr, JJ.
Memorandum Opinion by Justice Gabriel

## MEMORANDUM OPINION

By a two-paragraph information, the State charged appellant Rhonda Marie Hartzell with driving while intoxicated (DWI). *See* Tex. Penal Code Ann. §§ 49.04(a), 49.09(a) (West Supp. 2018). The first paragraph alleged that on or about October 25, 2014, Hartzell committed the offense of DWI. *See id.* § 49.04(a). The second paragraph alleged that on June 12, 2012, Hartzell had been convicted of an offense relating to the operation of a motor vehicle while intoxicated, thereby elevating the charged DWI from a Class B misdemeanor to a Class A misdemeanor. *See id.* §§ 49.04(b), 49.09(a). A jury found Hartzell guilty, and the trial court assessed her punishment at thirty-nine days' confinement and a $1,000 fine. Hartzell appeals in two issues. We reverse and remand.

## I. BACKGROUND

During a pretrial hearing, Hartzell objected to the prosecutor's reading in front of the jury the information's paragraph alleging that she had a previous conviction for DWI, as well as to any subsequent evidence the State offered during the guilt-innocence stage to prove that previous conviction. She argued that a previous DWI conviction was not an element of the charged offense but rather was an issue for the punishment stage. And because she had elected to have the court rather than the jury assess her punishment, Hartzell argued, informing the jury of her previous conviction during the guilt-innocence stage would be highly prejudicial to her and would deny her the right to a fair trial.

2

In response, the prosecutor argued that under our sister court's decision in *Oliva v. State*, 525 S.W.3d 286, 292–93 (Tex. App.—Houston [14th Dist.] 2017), *rev'd*, 548 S.W.3d 518, 534 (Tex. Crim. App. 2018), a previous DWI offense is an element of a DWI offense that is elevated to a Class A misdemeanor under section 49.09(a). For that reason, argued the prosecutor, evidence of Hartzell's previous DWI conviction was admissible at the guilt-innocence stage.

The trial court overruled Hartzell's objection and expressly found that Hartzell's prior conviction was an element of the charged offense, allowed the prosecutor to read the information's second paragraph in front of the jury, and stated that the only required plea would be guilty or not guilty since the allegation of Hartzell's prior conviction was not for punishment enhancement. Hartzell requested, and the trial court granted, a running objection.

The prosecutor thereafter read the enhancement paragraph in front of the jury. Then, at a hearing outside the jury's presence, Hartzell stipulated to her previous DWI conviction, subject to and without waiving her previous running objection. And during the State's case in chief, the prosecutor offered a copy of the judgment showing Hartzell's prior DWI conviction. Hartzell stated that she did not object, subject to the trial court's previous rulings, and the trial court admitted the document.

## II. THE TRIAL COURT REVERSIBLY ERRED

In her first issue, Hartzell argues that by allowing the prosecutor to read the information's enhancement paragraph in front of the jury, the trial court violated code

of criminal procedure article 36.01(a)(1), which prohibits a prosecutor's reading to the jury during the guilt-innocence stage a charging instrument's allegation of a prior conviction if that allegation is not jurisdictional and is alleged for purposes of punishment enhancement only. *See* Tex. Code Crim. Proc. Ann. art. 36.01(a)(1) (West 2007). Hartzell contends that under penal code section 49.09(a), a prior DWI conviction is an allegation for purposes of punishment enhancement only and is not jurisdictional and that, consequently, allowing the prosecutor to read the information's enhancement paragraph constituted reversible error.

After this case was tried, the court of criminal appeals reversed our sister court's holding in *Oliva* that a prior DWI conviction is an element of a DWI offense that is elevated to a Class A misdemeanor under penal code section 49.09(a). *See* 548 S.W.3d at 519–20. And in response to Hartzell's brief, the State filed a confession of error, pointing us to the court of criminal appeals's decision in *Oliva*. The State requests that in light of that decision, we reverse the trial court's judgment and remand for a new trial.

We agree with the State that in light of the court of criminal appeals's decision in *Oliva*, the trial court erred by allowing the prosecutor to read the information's enhancement paragraph to the jury at the outset of the guilt-innocence stage of this case. In *Oliva*, the court of criminal appeals concluded that for a DWI offense that is elevated to a Class A misdemeanor under penal code section 49.09(a), one prior DWI conviction is not a jurisdictional requirement, is not an element of the offense, and is

4

simply a punishment enhancement. *See id.* at 528–29, 533–34. Given those holdings, the trial court erred by allowing the prosecutor to read the information's enhancement paragraph at the outset of the guilt-innocence stage here. *See* Tex. Code Crim. Proc. Ann. art. 36.01(a)(1) (prohibiting reading an information's allegation of a defendant's prior conviction to the jury when the conviction is alleged for purposes of punishment enhancement only and is not jurisdictional).

Our conclusion that the trial court erred does not end our inquiry. Except for the narrow class of federal constitutional errors that the United States Supreme Court has deemed "structural," we may not reverse a trial court's judgment for an error without determining whether the error was harmful under rule 44.2 of the Texas Rules of Appellate Procedure. *See Jordan v. State*, 256 S.W.3d 286, 290 (Tex. Crim. App. 2008); *Gonzales v. State*, 994 S.W.2d 170, 171–72 (Tex. Crim. App. 1999). Reading a charging instrument's nonjurisdictional, enhancement-only allegation of a defendant's prior conviction to the jury at the outset of the guilt-innocence stage has not been deemed a structural error, and thus we proceed to analyze whether the trial court's error in allowing the prosecutor to do so in this case was harmful.

Rule 44.2 provides separate standards for analyzing harm: one for constitutional errors and another for nonconstitutional errors. Tex. R. App. P. 44.2(a), (b). Because the error at issue here is not constitutional, we apply rule 44.2(b). Tex. R. App. P. 44.2(b); *see Proenza v. State*, 541 S.W.3d 786, 801 (Tex. Crim. App. 2017) (noting that when only a statutory violation is claimed, the error must be treated

5

as non-constitutional for the purpose of conducting a harm analysis). That rule requires us to disregard any nonconstitutional error that does not affect an appellant's substantial rights. Tex. R. App. P. 44.2(b). An error that has a "substantial and injurious effect or influence in determining the jury's verdict" affects a substantial right. *Haley v. State*, 173 S.W.3d 510, 518 (Tex. Crim. App. 2005); *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)). Conversely, an error does not affect a substantial right if we have "fair assurance that the error did not influence the jury, or had but a slight effect." *Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001); *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).

The record here reveals that because Hartzell's prior DWI conviction was erroneously treated as an element of the charged offense, her prior conviction featured prominently during her trial from start to finish.[1] In fact, the prosecutors told the jury multiple times during the trial, and the trial court instructed the jury in its charge, that the jury could not convict Hartzell of the charged offense unless it found

---

[1] The prosecutors brought it up during voir dire; informed the jury of it when reading the information to the jury at the outset of the guilt-innocence stage; emphasized it during opening statements; introduced a copy of the judgment and sentence for her prior conviction into evidence and published it to the jury; and mentioned the prior conviction during closing arguments. Additionally, the trial court's charge informed the jury that Hartzell stood accused of "driving while intoxicated 2nd," and that a conviction for that offense required a finding that she had "previously been convicted of driving while intoxicated." And the verdict form the presiding juror signed stated that the jury found Hartzell "guilty of the offense of Driving While Intoxicated 2nd."

that she had a prior DWI conviction.  From that instruction and the fact that the jury found her guilty, it necessarily follows that Hartzell's prior DWI conviction substantially affected the jury's verdict.  Accordingly, we do not have a fair assurance that the error at issue here did not influence the jury or had only a slight effect.  *See Solomon*, 49 S.W.3d at 365; *Johnson*, 967 S.W.2d at 417.  We therefore conclude it was harmful.[2]  Tex. R. App. P. 44.2(b).

We sustain Hartzell's first issue.[3]

## III.  CONCLUSION

Having sustained Hartzell's first issue, which is dispositive of her appeal, we reverse the trial court's judgment and remand the case for further proceedings.  Tex. R. App. P. 43.2(d).

---

[2]We also note the following.  In *Oliva*, the court of criminal appeals observed that announcing a defendant's prior conviction to the jury before the defendant's guilt has been decided would inevitably result in extreme prejudice to the defendant.  *See Oliva*, 548 S.W.3d at 529.  Informing the jury of a defendant's prior conviction is prejudicial in part because of the jury's natural inclination to infer from the defendant's prior conviction that the defendant is guilty of the charged offense.  *See Abdnor v. State*, 871 S.W.2d 726, 738 (Tex. Crim. App. 1994).  In previous cases, the court of criminal appeals has indicated that reading a nonjurisdictional, enhancement-only allegation of a defendant's prior conviction to the jury in violation of article 36.01(a)(1)'s identical predecessor was so prejudicial to the defendant that it constituted reversible error.  *See Frausto v. State*, 642 S.W.2d 506, 508 (Tex. Crim. App. [Panel Op.] 1982); *Cox v. State*, 422 S.W.2d 929, 930 (Tex. Crim. App. 1968).

[3]Because our resolution of Hartzell's first issue is dispositive of her appeal, we do not address her second issue.  *See* Tex. R. App. P. 47.1.

7

/s/ Lee Gabriel

Lee Gabriel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  December 20, 2018

8